330 So.2d 10 (1976)
Darion Northrup CASTLE, a/k/a Sam H. Castle, Appellant,
v.
STATE of Florida, Appellee.
No. 46996.
Supreme Court of Florida.
March 17, 1976.
Rehearings Denied April 28, 1976.
*11 Cone, Wagner, Nugent, Johnson and McKeown, and Larry Klein, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., and Paul H. Zacks, Asst. Atty. Gen., for appellee.
ENGLAND, Justice.
By appeal of a decision rendered by the Fourth District Court of Appeal, reported at 305 So.2d 794, we have before us the constitutionality of Section 775.12, Florida Statutes (1973),[1] which provides:
"Limitation of repeal as to criminal cases. No offense committed, and no penalty and forfeiture incurred, prior to the taking effect of these statutes, shall be affected thereby, and no prosecution had or commenced, shall be abated thereby, except that when any punishment, forfeiture or penalty shall have been mitigated by the provisions of these statutes, such provisions shall apply to and control any judgment or sentence to be pronounced, and all prosecutions shall be conducted according to the provisions of law in force at the time of such further prosecution and trial applicable to the case."
This case involves facts which are set out fully in the district court's opinion.
Appellant received a ten year sentence of imprisonment for a violation of Section 806.05, Florida Statutes (1969). He asks for a reduction of this sentence on the basis of Section 775.12. Ten years was the maximum penalty in effect when the crime was committed, but by the time of the trial the Legislature had reduced the maximum sentence to five years imprisonment.[2] For the reasons expressed by the district court, appellant was not entitled to the benefit of the later-enacted lower maximum sentence, and to the extent that Section 775.12 suggests otherwise it would have been unconstitutional.[3] See Florida Constitution Article X, § 9.
Appellant also asks us to award him a new trial (1) because the police officer who arrested him allegedly testified to appellant's exercise of his right to remain silent in direct response to a question put to him by defense counsel, (2) because the trial court refused to admit into evidence a hearsay deathbed statement made by a young woman who accompanied appellant when the criminal acts were committed, and (3) because certain evidence was obtained without a search warrant. Each of these matters were addressed and accurately resolved in the district court's opinion.
The decision of the Fourth District Court of Appeal is affirmed.
OVERTON, C.J., and ROBERTS, ADKINS, SUNDBERG and HATCHETT, JJ., concur.
BOYD, J., dissents.
NOTES
[1] Jurisdiction to entertain this appeal is conferred by Fla. Const. art. V, § 3(b)(1).
[2] Chapter 71-136, Laws of Florida (1971).
[3] This statute has now been repealed. Chapter 74-383, Laws of Florida (1974).