SMITH, ROBERT P., Jr., Associate Judge.
This case is before us on questions certified by the Brevard County circuit court as being determinative of the cause and without controlling precedent. Rule 4.6, F.A.R. Jefferson was convicted in 1974 of first degree murder as a result of death inflicted by another with whom Jefferson was engaged in perpetrating robbery. Sec. 782.-04(l)(a), F.S.1973. He was first sentenced to life imprisonment with no possibility for parole for 25 years, § 775.082(1), F.S.1973, but on reconsideration the trial court reduced Jefferson’s term to six months to 25 years because Jefferson apparently did not plan or anticipate the killing. On the state’s appeal, this court vacated the resen-tence on the ground that it was untimely under Rule 3.800(b), R.Cr.P., and directed that the original sentence be reinstated. Jefferson v. State, 320 So.2d 827 (Fla. 4th DCA 1975).
Upon receipt of this court’s mandate, the trial court reinstated the sentence of life imprisonment for the capital felony of first degree murder, thereby again subjecting Jefferson to imprisonment for 25 years before he should become eligible for parole. Sec. 775.082(1), F.S.1973. However, Jefferson promptly filed another motion under Rule 3.800(b) for reduction of his sentence in accordance with new legislation, Ch. 74-383, §§ 14, 5, Fla.Laws, which redefined felony murder by one not the murderer as murder in the second degree, punishable as a felony of the first degree by imprisonment not exceeding 30 years. Secs. 782.-04(3) and 775.082(3)(b), F.S.1975 (as further amended by Ch. 75-298, Fla.Laws).
The trial court’s certificate, after an appropriate statement of the facts, inquires whether (1) the trial court has authority to consider a Rule 3.800(b) motion for reduction of sentence “filed immediately after reinstatement of the original sentence and within sixty days of receipt of the mandate ordering said reinstatement”; and (2) whether that court now has authority to reduce Jefferson’s sentence to a term of less than 30 years on grounds that Jefferson’s offense is now punishable not as a capital felony but as a felony of the first degree under §§ 782.04(3) and 775.082(3)(b), F.S.1975.
*1190 While it may be doubted that this case is one without controlling precedent and therefore appropriate for certified questions pursuant to Rule 4.6, F.A.R., we shall answer the second question propounded, which is dispositive of the case, in view of the uncertainty of Jefferson’s proper sentence despite litigation continuing for two years after his conviction.
We have the view that the trial court, after properly convicting Jefferson in August 1974 of the capital felony of first degree murder, is now without authority to resentence Jefferson to a term of up to 30 years, as for the newly-defined first degree felony of murder in the second degree by felony murder. That the character of such an offense has been changed from first to second degree murder would alone seem a sufficient impediment to reduction of sentence under Rule 3.800(b), if the Rule were otherwise applicable; but during Jefferson’s litigation the Supreme Court has explicitly held it constitutionally impermissible to sentence an offender to a reduced term under a statutory amendment becoming effective after the date of his offense. Castle v. State, 330 So.2d 10 (Fla.1976), affirming Castle v. State, 305 So.2d 794 (Fla. 4th DCA 1975). Therefore, notwithstanding legislation in the meantime to ameliorate the sentence for conduct such as Jefferson’s, Jefferson is properly sentenced only in accordance with statutes in effect at the time of his offense, §§ 782.04(l)(a) and 775.082(1), F.S.1973, prescribing for felony murder, a capital felony, life imprisonment with no eligibility for parole until 25 years have been served.
Having answered the second question certified, we respectfully decline to answer the first, which is not dispositive.
CROSS, J., and COBB, WARREN, Associate Judge, concur.