380 So.2d 487 (1980)
Alvin STRACHEN, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-819.
District Court of Appeal of Florida, Third District.
February 19, 1980.
Rehearing Denied March 20, 1980.
*488 Alfonso C. Sepe and Alan R. Soven, Miami, for appellant.
Jim Smith, Atty. Gen., and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before HENDRY, BARKDULL and SCHWARTZ, JJ.
BARKDULL, Judge.
By one notice of appeal filed on April 13, 1979, carrying three file numbers (Nos. 74-7485, 74-7486, 74-7368), the appellant sought review of an order Dated April 4, 1979 discharging him from a mental sex offender program, and sentencing him to a term of years. By points on appeal, the appellant attempts to urge error in two rulings of the trial court on November 13, 1978, in denying 3.850 motions in Cases Nos. 74-7485 and 74-7486. The notice of appeal comes too late as to these orders. See: Blakely v. State, 191 So.2d 610 (Fla. 2d DCA 1966); Fuller v. Wainwright, 238 So.2d 65 (Fla. 1970).
Turning to the only valid points relating to the April 4, 1979 order, (1) that the court erred in failure to return him to the sex offender program,[1] and (2) that even if the appellant was to be sentenced he was entitled to credit on his sentence for time served in the sex offender program, citing Section 917.218, Florida Statutes (1977), effective July 1, 1977, we find no merit in either contention. First, whether or not to continue the appellant in the sex offender program was a discretionary matter with the trial judge. From the record in this cause, we fail to find any abuse of discretion by the trial court in determining not to return the appellant to the sex offender program. Huckaby v. State, 343 So.2d 29 (Fla. 1977). Upon the entry of the sentence, the appellant was not entitled to credit for time served in the sex offender program pursuant to Section 917.218, Florida Statutes (1977), because the crime for which he was convicted occurred on August 31, 1974 and the statute became effective subsequently. Statutes in effect on the date of the crime, as they relate to sentencing, control the amount of sentence given, not those in effect on the date of the entry of the sentence. Castle v. State, 330 So.2d 10 (Fla. 1976), affirming Castle v. State, 305 So.2d 794 (Fla. 4th DCA 1975); State v. Jefferson, 340 So.2d 1189 (Fla. 4th DCA 1976); Smith v. State, 358 So.2d 1164 (Fla. 4th DCA 1978).
Therefore, for the reasons above stated, the order of April 4, 1979 here under review be and the same is affirmed.
Affirmed.
NOTES
[1] The appellant has escaped from the facility wherein the sex offender program was being administered; he was before the court seeking to be returned to the program.