423 So.2d 580 (1982)
Ronald Elton CUNNINGHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2108.
District Court of Appeal of Florida, Second District.
December 17, 1982.
*581 James W. Kelly of Accorsi & Kelly, P.A., Avon Park, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Diane Barrs, Asst. Atty. Gen., Tampa, for appellee.

ON MOTION TO REVIEW BAIL PENDING APPEAL
PER CURIAM.
Appellant was adjudged guilty of drug trafficking, a first degree felony in violation of section 893.135, Florida Statutes (1979). Appellant filed a motion for bail pending appeal. The trial court denied the motion stating that "section 903.133, Florida Statutes prohibits this Court from granting bail to said Defendant since he has been adjudged guilty of first degree felony for violation of section 893.135, Florida Statutes." Section 903.133 states that "no person adjudged guilty of a first degree felony for a violation of s. 893.13 or s. 893.135 shall be admitted to bail pending appellate review." Appellant contends that the application of this statute in his case violates the prohibition against ex post facto laws because the commission of the offense took place before the effective date of section 903.133. We agree.
Release on bail pending appeal is not an absolute right guaranteed by the eighth amendment to the United States Constitution. Kelly v. State, 362 So.2d 945 (Fla. 1978); Hart v. State, 405 So.2d 1048 (Fla. 4th DCA 1981) reh'g. denied, 415 So.2d 1359 (Fla. 1982). However, a law need not impair an affirmative, enforceable right to violate the ex post facto prohibition. Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). A statute that merely alters penal provisions accorded by the grace of the legislature violates the ex post facto prohibition if it is both retrospective and is more onerous than the law in effect on the date of the offense. Weaver.
In Greene v. State, 238 So.2d 296 (Fla. 1970), the appellant was denied bail pending appeal. The trial court relied upon section 903.132, Florida Statutes which denies bail pending appeal to any person who "has previously been convicted of a felony, the commission of which occurred prior to the commission of the subsequent felony... ." The Florida Supreme Court in Greene held that although section 903.132 depends upon conviction of the second or subsequent offense, *582 the significant event as far as judging ex post facto effect is the date of the offense rather than the conviction. Likewise, although section 903.133, which denies bail pending appeal of a conviction of drug trafficking, depends upon conviction of the offense, the significant event as far as judging ex post facto effect is the date of the offense and not the date of conviction.
In the instant case, appellant committed the offense on March 13, 1980. He was adjudged guilty on December 10, 1981. The effective date of section 903.133 was June 6, 1980. Thus, appellant committed the offense prior to the effective date of the statute. Therefore, as to appellant, section 903.133 was ex post facto in effect and should not have been relied upon in denying release on bail pending appeal.
We reverse the court's order denying appellant bail pending appeal and remand for proceedings consistent with Florida Rule of Appellate Procedure 9.140(e). See also Younghans v. State, 90 So.2d 308 (Fla. 1956).
GRIMES, A.C.J., and SCHEB and CAMPBELL, JJ., concur.