448 So.2d 84 (1984)
Anthony HAYES, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1610.
District Court of Appeal of Florida, Second District.
April 11, 1984.
*85 Jerry Hill, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals from his conviction and sentence for second degree murder. We find no merit in the issues raised by defendant regarding errors allegedly occurring at trial. Therefore, we affirm the conviction.
As to his sentence, defendant contends that the trial court improperly retained jurisdiction over one-half of the 99-year sentence imposed. We agree. Section 947.16(3), Florida Statutes (1983), was amended to reduce the maximum amount of jurisdiction that a judge could retain from one-half to one-third of a sentence. The amendment was effective June 15, 1983. Defendant argues that the amended statute should have been applied to his sentencing on June 22, 1983.
This court has previously held that when section 947.16(3) was amended to increase the portion of a sentence over which a trial judge could retain jurisdiction, the correct statute to be applied was the statute in effect on the date the crime was committed, not the statute in effect on the date the defendant was sentenced. See Reid v. State, 440 So.2d 651 (Fla. 2d DCA 1983); Wicker v. State, 438 So.2d 398 (Fla. 2d DCA 1983). However, that result was necessary to prevent an ex post facto application of a more severe punishment to a defendant who had committed the crime prior to the effective date of the amendment. In this case, applying the amended statute to a defendant who committed the crime prior to the effective date of the statute but who was sentenced after that effective date would not be disadvantageous to the defendant and, therefore, would not be an illegal ex post facto application. See Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981); State v. Williams, 397 So.2d 663 (Fla. 1981); Cunningham v. State, 423 So.2d 580 (Fla. 2d DCA 1982). Such an application would carry out the legislative intent of the statutory revision reducing the length of time for which a trial court can retain jurisdiction.
Accordingly, the conviction is AFFIRMED, but the case is REMANDED for correction of the sentence to reflect the trial court's retention of jurisdiction over only one-third of the sentence.
OTT, C.J., and SCHOONOVER, J., concur.