ON MOTION TO MODIFY MANDATE
PER CURIAM.
On May 30, 1984, the state filed a motion to recall and modify the mandate which was issued on April 27, 1984, in this case pursuant to our opinion which was filed April 11, 1984, 448 So.2d 84. The state alleged in its motion that after the time period for filing a motion for rehearing had expired, the case of Castle v. State, 330 So.2d 10 (Fla.1976), came to the state’s attention. The state alleged that our opinion conflicts with Castle v. State.
The state asks that we recall the mandate and modify our opinion. However, we do not agree that our holding conflicts with Castle. Therefore, we deny the state’s mo *657 tion to withdraw the mandate, but we hereby modify our opinion to clarify the basis for the holding.
In this case the trial court retained jurisdiction over one-half of the sentence imposed pursuant to section 947.16(3), Florida Statutes (Supp.1982), which was the statute in effect at the time defendant committed the crime. The defendant argued on appeal that the trial court should have retained jurisdiction over only one-third of the sentence pursuant to section 947.16(3), Florida Statutes (1983), which became effective seven days before the defendant was sentenced. This court agreed with defendant’s argument and remanded the case for correction of the sentence to reflect retention of jurisdiction over one-third of the sentence.
The stated basis for our holding was that, contrary to previous cases in which the permissible period for retention of jurisdiction had been increased from one-third to one-half, see, e.g., Reid v. State, 440 So.2d 651 (Fla. 2d DCA 1983); Wicker v. State, 438 So.2d 398 (Fla. 2d DCA 1983), this situation presented no problem of an illegal ex post facto application of an increased “punishment” to defendant. As the state has now pointed out, Article X, Section 9, of the Florida Constitution provides that “[rjepeal or amendment of a criminal statute shall not affect prosecution or punishment for any crime previously committed.” This provision has been interpreted to mean that a defendant is not entitled to the benefit of a lesser sentence if the legislation reducing the statutory sentence is enacted after defendant commits the crime. Castle v. State, 330 So.2d at 11.
Although in our opinion we referred to the increase in retention time as a more severe punishment, we should more properly have termed it a disadvantage to defendant which cannot be applied ex post facto, see Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981), rather than a punishment as that term is used in Article X, Section 9, of the Florida Constitution. We conclude, for present purposes, that retention of jurisdiction does not affect the punishment or sentence imposed on a defendant within the meaning of the foregoing constitutional provision but has an effect which “permits the trial judge to control parole review” during the term of the sentence imposed. Overton v. State, 429 So.2d 722, 723 (Fla. 1st DCA 1983).
OTT, A.C.J., and SCHOONOVER and LEHAN, JJ., concur.