CAMPBELL, Judge.
Appellant, Neal Benjamin Ivey, appeals the trial court’s order denying his motion for mistrial and the court’s retention of jurisdiction over one-half of his sentence. Of the three points raised on appeal, only the final point concerning the trial court’s retention of jurisdiction has merit.
Appellant was charged by information with robbery with a weapon in violation of section 812.13(2)(b), Florida Statutes (1983), and two counts of aggravated battery in violation of section 784.021(1)(b), Florida Statutes (1983). Appellant was tried by jury and found guilty of robbery and one count of aggravated assault. He was sentenced to a term of thirty years in prison on the robbery charge and ten years on the aggravated assault charge. The sentences were to run concurrently, and the court retained jurisdiction over one-half of appellant’s sentence.
Section 947.16(3), Florida Statutes (1983) was amended to limit the amount of jurisdiction that a trial judge could retain *541 from one-half to one-third of a sentence. In this case, appellant was charged on April 15, 1983. The amendment to section 947.16 became effective on June 15, 1983. In Hayes v. State, 448 So.2d 84 (Fla. 2d DCA 1984), this court held that applying the amended statute to a defendant who committed the crime prior to the effective date of the statute, but who was sentenced after the effective date, would not be disadvantageous to the defendant and, thus, would not be an ex post facto application. See State v. Williams, 397 So.2d 663 (Fla.1981); Cunningham v. State, 423 So.2d 580 (Fla. 2d DCA 1982).
Therefore, since appellant was sentenced after the effective date of the statute, the court under Hayes was limited to retaining jurisdiction only over one-third of his sentence.
Accordingly, we affirm appellant’s conviction, but remand to the trial court for correction of sentence. We recognize that at the time of sentencing, the trial judge did not have the benefit of this court’s holding in Hayes.
HOBSON, A.C.J., and SCHOONOVER, J., concur.