455 So.2d 1096 (1984)
Robert Earl BRUMLEY, Appellant,
v.
STATE of Florida, Appellee.
0No. 83-1124.
District Court of Appeal of Florida, Fifth District.
September 13, 1984.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
*1097 Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
We find no merit in the issues raised by defendant with regard to the trial proceedings, so the convictions are affirmed.
Appellant contends also that the trial court erred in retaining jurisdiction over one-half of each sentence, because effective June 15, 1983, the legislature had amended section 947.16(3) to permit retention of jurisdiction over one-third of a defendant's sentence, instead of one-half, and defendant was sentenced after that date. We agree with the decision in Hayes v. State, 448 So.2d 84 (Fla. 2d DCA 1984), that because the period of retention was reduced, the law in effect at the time of sentencing should prevail.
The State's contention is that the issue as to whether the court erred in retaining jurisdiction was not preserved for appeal because no objection was made below. This position, is arguable under Williams v. State, 414 So.2d 509 (Fla. 1982) and is one which we had previously adopted [see, e.g., Gaskins v. State, 415 So.2d 132 (Fla. 5th DCA 1982)], but this principle has apparently been rejected by the Florida Supreme Court in State v. Rhoden, 448 So.2d 1013, (Fla. 1984), where the court held that the purpose for which the contemporaneous objection rule exists is not present in the sentencing process because any error can be corrected by a simple remand to the sentencing judge.
We have rejected the need for a contemporaneous objection as necessary to preserve the issue involved here, in Neal v. State, 451 So.2d 1058 (Fla. 5th DCA 1984). The First District Court of appeal has taken the opposite view in Cofield v. State, 453 So.2d 409 (1984), but we agree with the dissenting view of Judge Ervin that Rhoden dispenses with the need for such objection as a necessary prerequisite for an appeal of an alleged wrongful retention of jurisdiction. Cofield would appear to be in conflict with the earlier decision of the First District in Weston v. State, 452 So.2d 95 (Fla. 1st DCA 1984).
The judgments of conviction and sentences are affirmed, and the cause is remanded to the trial court with instructions to amend that portion of each sentence which retains jurisdiction to review future Parole Commission orders so as to limit such jurisdiction to not more than one-third of each sentence.
We certify to the Supreme Court of Florida, as a question of great public importance, the following:
WHETHER, BY OPERATION OF THE CONTEMPORANEOUS OBJECTION RULE, A DEFENDANT IS PRECLUDED FROM CHALLENGING, ON DIRECT APPEAL, THE TRIAL COURT'S RETENTION OF JURISDICTION OVER ONE-HALF OF HIS SENTENCE WHEN NO OBJECTION TO SUCH RETENTION IS MADE AT THE TIME OF SENTENCING?
AFFIRMED; QUESTION CERTIFIED.
FRANK D. UPCHURCH, Jr. and COWART, JJ., concur.