SHARP, Judge.
Chapin appeals from his convictions and sentences for third degree felony murder[1] and trafficking in cannabis.[2] The trial ’ court sentenced Chapin to ten years imprisonment for each offense, to be served concurrently. The issues on appeal are whether the trial court erred in denying Chapin’s motion to suppress evidence of contraband found in his locked bedroom, and whether Chapin’s sentences and convictions for both crimes are barred by double jeopardy, as trafficking is the underlying felony for the felony murder conviction.
We affirm the denial of Chapin’s motion to suppress because we find the record supports the trial judge’s determination that the inaccurate statements made in the search warrant affidavit were made by the police officers in good faith, and not with reckless disregard for the truth. Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1979). These issues were in dispute at the hearing on the motion to suppress and this court will not substitute its judgment for that of the trial court. DeConingh v. State, 433 So.2d 501 (Fla.1983), cert. denied, — U.S.-, 104 S.Ct. 995, 79 L.Ed.2d 228 (1984).
We agree, however, with Chapin’s double jeopardy argument. In Snowden v. State, 449 So.2d 332 (Fla. 5th DCA 1984), review granted, Case No. 65,179 (Fla. August 24, 1984), we held that a trial court erred in convicting and sentencing a criminal defendant for grand theft in addition to third degree felony murder, which was based on the grand theft as the underlying felony. We continue to rely upon Bell v. State, 437 So.2d 1057 (Fla.1983) for the view that double jeopardy, U.S. CONST. *341 amend. V; Art. I, § 9 Fla. Const., bars convictions as well as sentences for necessarily included lesser offenses and upon State v. Hegstrom, 401 So.2d 1343 (Fla.1981) for the view that the underlying felony is a necessarily included offense of a felony murder based on the same felony. See Gonzales v. State, 449 So.2d 882 (Fla. 3d DCA 1984); Wicker v. State, 445 So.2d 583 (Fla. 2d DCA 1983).
However, we acknowledge the uncertainty in the ease law[3] and we certify the following to our Florida Supreme Court pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v) as a question of great public importance.
DOES THE DOUBLE JEOPARDY CLAUSE OF THE STATE CONSTITUTION OR THE UNITED STATES CONSTITUTION BAR CONVICTION AND SENTENCING FOR BOTH THE UNDERLYING FELONY AND A FELONY MURDER CHARGE BASED ON THE SAME FELONY IN THE CONTEXT OF A SINGLE (RATHER THAN SUCCESSIVE) CRIMINAL PROCEEDING?
Accordingly we vacate Chapin’s sentence and conviction for the underlying felony of trafficking and otherwise affirm.
AFFIRMED AS MODIFIED.
ORFINGER and FRANK D. UP-CHURCH, JJ., concur.

. § 782.04(4), Fla.Stat. (1983).

. § 893.135, Fla.Stat. (1983).

. See Ohio v. Johnson, — U.S.-, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984); State v. Gibson, 452 So.2d 553 (Fla.1984).