COBB, Chief Judge.
We find no merit in the issues raised by the defendant as to the trial *342 proceedings, so the conviction and sentence are affirmed. The trial court erred, however, in retaining jurisdiction over one-half the defendant’s sentence, on the authority of the April 21, 1982, amendment to section 947.16(8), Florida Statutes (Supp.1982). It is irrelevant that this amendment was in effect at the time of the conviction. The law at the time of the offense applies, unless the law at the time of sentencing imposes a lesser penalty. Neal v. State, 451 So.2d 1058 (Fla. 5th DCA 1984); Brumley v. State, 455 So.2d 1096 (Fla. 5th DCA 1984). At the time the offense was committed, and at the time of sentencing, the law authorized the trial court to retain jurisdiction of only one-third of the defendant’s sentence.
This cause is remanded to the trial court with instructions to amend that portion of the sentence which retains jurisdiction over the defendant’s sentence, so as to limit such jurisdiction to not more than one-third of the sentence. This case is affirmed in all other respects.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
DAUKSCH and COWART, JJ., concur.