467 So.2d 334 (1985)
William Michael POWLOWSKI, Appellant,
v.
STATE of Florida, Appellee.
Jacqueline Joan STANGHERLIN, Appellant,
v.
STATE of Florida, Appellee.
Nos. 83-832, 83-855.
District Court of Appeal of Florida, Fifth District.
March 7, 1985.
Rehearing Denied April 15, 1985.
*335 James B. Gibson, Public Defender, and David A. Henson, Asst. Public Defender, Daytona Beach, for appellant W.M. Powlowski.
Loyd C. Mosley and H. Michael Evans, of Mosley and Evans, P.A., Clearwater, for appellant J.J. Stangherlin.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Appellants were jointly tried by jury on charges of first degree murder and conspiracy to commit first degree murder, and were both convicted of second degree murder and conspiracy to commit second degree murder. Although their appeals were filed separately, we approved the use of a consolidated record, and oral argument in both cases was heard on the same day. Although each appellant raises some issues different from the issues raised by the other, many are similar, and they can all be disposed of in a single opinion.
We find no merit in any of the numerous issues raised by either appellant related to their respective judgments. The evidence is more than sufficient to sustain the jury's findings, and in fact, would have supported a conviction on the charges made in the indictments. Neither do we find any error in the proceedings which deprived either appellant of a fair trial, so we affirm the judgments of guilt.
Stangherlin raises sentencing issues which we must address. First, she contends that her sentence of 300 years' imprisonment on the second degree murder conviction is greater than that allowed by law, because by exceeding any reasonable life expectancy, it is actually more severe punishment that a life sentence. Section 782.04(2), Florida Statutes (1981) provides that a conviction for second degree murder is punishable "by imprisonment for a term of years not exceeding life... ." See also, section 775.082(3)(b). An argument similar to that made here was rejected by the Florida supreme court in Alvarez v. State, 358 So.2d 10 (Fla. 1978). There, the court approved a sentence of 125 years for armed robbery, which, like second degree murder, is punishable by imprisonment for a term of years not exceeding life. In rejecting appellant's argument that the sentence exceeded his reasonable life expectancy and was thus more severe than a life sentence, the court said:
We reject the notion that an individual's life expectancy should be used, or was intended by the Legislature to be used, to mark the longest term which a particular defendant should serve. Any sentence, no matter how short, may eventually extend beyond the life of a prisoner. Mortality and life expectancy are irrelevant to limitations on the terms of incarceration set by the Legislature for criminal misconduct. [Footnote omitted].
Id. at 12. See also State v. Watson, 453 So.2d 810 (Fla. 1984); Harmon v. State, 438 So.2d 369 (Fla. 1983).
Stangherlin next argues that the trial court erred when it retained jurisdiction for one half of the 300 year sentence pursuant to section 947.16(3), Florida Statutes (Supp. 1982). She argues that the court could retain jurisdiction for not more than one third of the sentence, and that her objection to such retention should have been sustained. At the time of the commission of the offense on April 1, 1982, section 947.16(3), Florida Statutes (1981) permitted retention of jurisdiction for up to one third of the sentence. After the offense occurred but prior to sentencing the statute was amended to permit retention of jurisdiction for up to one half of the sentence.[1] The Florida Supreme Court has recently considered and rejected this argument. Mills v. State, 462 So.2d 1075 (Fla. 1985).
As in Mills, Stangherlin stood subject to the existing retention of jurisdiction statute, *336 section 947.16(3), Florida Statutes (1981), at the time the crimes were committed. "Therefore, the legal consequences of retained jurisdiction had already attached under the existing statute. The quantum of punishment has not increased. The increase in the period of retention alone does not constitute an ex post facto law in this case because [Stangherlin] was convicted and sentenced after the effective date of the statute increasing the retention period." 462 So.2d at 1080. In so holding, the supreme court specifically disapproved Reid v. State, 440 So.2d 651 (Fla. 2d DCA 1983), and thus we believe has also implicitly disapproved our previous holdings on this issue in Montoya v. State, 458 So.2d 341 (Fla. 5th DCA 1984); Brumley v. State, 455 So.2d 1096 (Fla. 5th DCA 1984); and Neal v. State, 451 So.2d 1058 (Fla. 5th DCA 1984). The trial court thus correctly applied the law in effect at the time of sentencing, because the "legal consequences of retained jurisdiction had already attached under the existing statute" when the crimes were committed.
The judgments and sentences are affirmed.
AFFIRMED.
COWART, J., and POWELL, R.W., Associate Judge, concur.
NOTES
[1] The statute was further amended in 1983 by Chapter 83-131, Laws of Florida, and once again provides for retention of jurisdiction for up to one third of the sentence. See section 947.16(3), Florida Statutes (1983).