473 So.2d 214 (1985)
Roy Arthur NAZWORTH, Appellant,
v.
STATE of Florida, Appellee.
No. 83-640.
District Court of Appeal of Florida, Fifth District.
April 18, 1985.
Rehearing Denied August 1, 1985.
Michael H. Lambert, P.A., Daytona Beach, for appellant.
*215 Jim Smith, Atty. Gen., Tallahassee, and Kenneth McLaughlin and Belle B. Turner, Asst. Attys. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Nazworth was found guilty of manslaughter in the shooting death of his wife. He was sentenced to fifteen years imprisonment with the trial court retaining jurisdiction over the first one-half of the sentence. As to the conviction, we find no error and affirm. We do find a problem, however, with the retention of jurisdiction portion of the sentence.
Nazworth committed his crime on February 2, 1983, and was convicted and sentenced on July 20, 1983. At the time of commission of the offense, the maximum retention period was the first one-half of the sentence. Effective July 15, 1983, the Legislature reduced the maximum retention period back to the first one-third of the sentence, which it had been prior to April 20, 1982. Ch. 83-131, Laws of Florida. The question presented is which retention period applies here.
Ordinarily, the law in effect at the time the crime was committed governs the penalty to be imposed. Castle v. State, 330 So.2d 10 (Fla. 1976); Gourley v. State, 432 So.2d 755 (Fla. 5th DCA 1983). This is true even though an amendment reduces the length of punishment between the time the crime was committed and the time of conviction. Castle v. State. This principle derives from Art. 10, § 9, Fla. Const., which provides:
Repeal or amendment of a criminal statute shall not affect prosecution or punishment for any crime previously committed.
At first blush this principle seems to mandate that the one-half retention period apply here since it was in effect at the time Nazworth committed the crime. However, in Mills v. State, 462 So.2d 1075 (Fla. 1985), the supreme court applied the one-half retention provision even though the one-third provision was in effect at the time Mills committed his offense.[1] Apparently the court, in concluding that the change did not affect the quantum of punishment, did not believe that Art. 10, § 9, Fla. Const. was applicable. The Second District, in Hayes v. State, 448 So.2d 84 (Fla. 2d DCA 1984), on motion to modify mandate, 452 So.2d 656 (Fla. 2d DCA 1984), specifically held to this effect in ruling that the one-third period applied where the defendant was sentenced after the effective date of Chapter 83-131. It has since re-affirmed its position in Meyers v. State, 464 So.2d 189 (Fla. 2d DCA 1985). We believe that in light of Mills, the Second District's position is correct and that the retention statute in effect at the time of conviction and sentencing applied here. Therefore, the trial court erred in retaining jurisdiction over the first one-half rather than the first one-third of the sentence.
AFFIRMED in part, REVERSED in part, and REMANDED for correction of sentence.
COBB, C.J., and DAUKSCH, J., concur.

ON MOTION FOR REHEARING
FRANK D. UPCHURCH, Jr., Judge.
The state has moved for rehearing or clarification contending there is confusion from an apparent conflict between this decision and Mills v. State, 462 So.2d 1075 (Fla. 1985), Powlowski v. State, 467 So.2d 334 (Fla. 5th DCA 1985) and Brumley v. State, 455 So.2d 1096 (Fla. 5th DCA 1984).
We perceive no conflict: Mills controls. Mills contended that the trial court erred in retaining jurisdiction over one-half of his sentences because section 9, Chapter 82-171, Laws of Florida, which increased the maximum retention period from one-third to one-half, took effect after he had committed the crimes for which he was sentenced. The Florida supreme court held that the increase in the period of retention alone did not constitute an ex post facto *216 law because the quantum of punishment had not increased and Mills was convicted and sentenced after the effective date of the increase.
Powlowski followed Mills, stating: "The trial court thus correctly applied the law in effect at the time of sentencing ..." 426 So.2d at 336. While this court reached the same result in Brumley, we did so because the period of retention had been reduced rather that increased as in Mills. It was for that reason the Powlowski mentioned that Brumley had been disapproved by Mills.
In the instant case, the retention period at the time of sentencing had been reduced.[1] Therefore, Nazworth was entitled to the reduction[2] because the law in effect at the time of sentencing applied.
Motion for rehearing is DENIED.
COBB, C.J., and DAUKSCH, J., concur.
NOTES
[1] The court reasoned that Mills was subject to the existing retention of jurisdiction statute at the time he committed the crimes and the increase in the period of retention did not increase the quantum of punishment for ex post facto purposes.
[1] Nazworth was not convicted during the effective period of Chapter 82-171, section 947.16(3), (5), Florida Statutes (1983). See footnote Mills, 462 So.2d at 1080.
[2] Mills at page 1080 refers to sentencing and conviction. It is probable that these events may not uniformly fall on the same dates. We make no distinction in this case because the law was the same on both dates.