471 So.2d 1282 (1985)
STATE of Florida, Petitioner,
v.
Robert Earl BRUMLEY, Respondent.
No. 66023.
Supreme Court of Florida.
June 20, 1985.
Jim Smith, Atty. Gen., and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender and Brynn Newton, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for respondent.
PER CURIAM.
We have before us by petition for review Brumley v. State, 455 So.2d 1096 (Fla. 5th DCA 1984), wherein the district court certified the following question to be of great public importance:
Whether, by operation of the contemporaneous objection rule, a defendant is precluded from challenging, on direct appeal, the trial court's retention of jurisdiction over one-half of his sentence when no objection to such retention is made at the time of sentencing?
Id. at 1097. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Respondent was charged with, convicted of and sentenced concurrently for burglary with an assault, robbery, false imprisonment and kidnapping. The convictions and sentences were entered subsequent to the effective date of section 947.16(3), Florida Statutes (1983), which reduced the maximum retained jurisdiction period to one-third of the sentence. The trial judge announced in open court at sentencing that he would retain jurisdiction over one-half of respondent's sentence, and defense counsel did not object. The court subsequently issued an order retaining jurisdiction over one-half of the maximum sentence imposed.
On appeal, the district court affirmed the convictions, but remanded the cause to the trial court to amend each sentence to reflect that jurisdiction was limited to not more than one-third of each sentence. The state has petitioned for review to allow this Court to answer the certified question, and we do so in the negative.
The instant case is controlled by State v. Snow, 462 So.2d 455 (Fla. 1985), wherein we held that where the trial court fails to follow the mandatory requirements of the sentencing statute, a defendant may not be precluded from raising this point on appeal because he failed to object in the trial court. The decision of the district court to remand the cause to the trial court to amend the sentences to reflect that jurisdiction is limited to no more than one-third of each sentence is approved.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.