472 So.2d 741 (1985)
STATE of Florida, Petitioner,
v.
Randall WALCOTT, Respondent.
No. 66391.
Supreme Court of Florida.
July 3, 1985.
Jim Smith, Atty. Gen. and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender and Lucinda H. Young, Asst. Public Defender, Daytona Beach, for respondent.
ALDERMAN, Justice.
We review the decision of the District Court of Appeal, Fifth District, in Walcott v. State, 460 So.2d 915, 917 (Fla.5th DCA 1984), which certified the following question to be of great public importance:
Whether, by operation of the contemporaneous objection rule, a defendant is precluded from challenging, on direct appeal, the trial court's retention of jurisdiction over one-half of his sentence *742 when no objection to such retention is made at the time of sentencing?
On the authority of State v. Brumley, 471 So.2d 1282 (Fla. 1985), we answer the certified question in the negative and approve the decision of the district court.
Respondent was charged with and convicted of burglary of a structure under section 810.02(3), Florida Statutes (1983). The trial court sentenced respondent to a five-year prison term and retained jurisdiction over his sentence to the extent allowed by law. Defense counsel objected to the retention of jurisdiction, arguing that the evidence did not warrant it. The conviction and the sentence were subsequently entered on June 28, 1983, wherein the trial court retained jurisdiction for one-half of respondent's sentence.
Section 947.16(3), Florida Statutes (1983), permits the retention of jurisdiction in sentences for certain enumerated offenses which do not include the offense for which respondent was convicted. Consequently, there was no statutory basis for the retention of jurisdiction under the statute.
The state argues that respondent waived his right to directly appeal this retention of jurisdiction because he failed to make a contemporaneous objection at his sentencing hearing. We disagree.
In Brumley, the defendant was convicted and sentenced concurrently for numerous offenses. The trial court, at his sentencing, retained jurisdiction over one-half of his sentence when the maximum period allowable under the statute was one-third. Defense counsel did not object at the hearing but raised the issue for the first time on appeal. In that case, we held "that where the trial court fails to follow the mandatory requirements of the sentencing statute, a defendant may not be precluded from raising this point on appeal because he failed to object in the trial court." 471 So.2d at 1282.
In the present case, the trial court had no statutory authority to retain jurisdiction over the defendant's sentence, and we agree with the district court that it was error to do so.
Accordingly, we approve the decision of the district court to vacate the retention of jurisdiction.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.