PER CURIAM.
Appellant was charged by information with second degree murder in the shooting death of Enrique Varona. A jury found *546 appellant guilty of the lesser included offense of manslaughter with a firearm, whereupon the court entered a judgment of conviction and sentence.
The sole point raised by appellant is whether the trial court erred in denying his motion to suppress certain statements which he had made to the police concerning the shooting. The statements in question were given by appellant to police officers at the hospital, the first, shortly after his arrival for treatment of gunshot wounds which he had sustained in the shooting incident, and the second, on the day after his surgery. The trial court determined that the two statements were “freely and voluntarily made without any threats or coercion.” The court’s ruling was expressly based upon the suppression hearing testimony of the police officer who was present when appellant made both statements, a review of the statements themselves, and consideration of the totality of the surrounding circumstances.
Although the issue of the voluntariness of the statements was in dispute at the suppression hearing, we find that the record contains substantial competent evidence to support the trial court’s finding that appellant’s statements were freely and voluntarily made. Accordingly, we decline to disturb the trial court’s ruling. See DeConingh v. State, 433 So.2d 501 (Fla.1983), cert. denied, 465 U.S. 1005, 104 S.Ct. 995, 79 L.Ed.2d 228 (1984); State v. Navarro, 464 So.2d 137 (Fla. 3d DCA 1985) (en banc); Walcott v. State, 460 So.2d 915 (Fla. 5th DCA 1984), aff'd 472 So.2d 741 (Fla.1985); Chapin v. State, 458 So.2d 339 (Fla. 5th DCA 1984), modified on other grounds, 486 So.2d 566 (Fla.1986).
Affirmed.