543 So.2d 457 (1989)
STATE of Florida, Appellant,
v.
Edward Dwayne USSERY, Appellee.
No. 88-2211.
District Court of Appeal of Florida, Fifth District.
May 25, 1989.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Colin Campbell, Asst. Atty. Gen., Daytona Beach, for appellant.
James E. Taylor, Jr., Orlando, for appellee.
COBB, Judge.
The issue on this appeal concerns the trial court's downward departure from the recommended sentencing guidelines.
The appellee entered a plea of guilty to one count of DUI manslaughter, two counts of DUI with bodily injury, and reckless driving. §§ 316.193; 316.192, Fla. Stat. (1987). The charges resulted from an automobile accident on April 19, 1987, when the defendant was legally intoxicated and caused the death of William Irizarry and injured three of Irizarry's family members. The amended scoresheet called for a sentencing range of three to seven years incarceration, but based mainly upon the request of the widow of the deceased, the trial court imposed a one cell downward departure sentence of two years community control followed by probation. The written reason for departure was given as "victims request departure."
Pursuant to Article X, section 9 of the Florida Constitution, where a provision of a newly enacted criminal statute would ameliorate or mitigate a punishment or penalty, the statutory provisions may not apply retroactively to effect a judgment or sentence. As a result, sentencing statutes in effect on the date of a crime control the legality of a sentence. Castle v. State, 330 So.2d 10, 11 (Fla. 1976); Gourley v. State, 432 So.2d 755 (Fla. 5th DCA 1983), dismissed, 458 So.2d 272 (Fla. 1984); Strachen v. State, 380 So.2d 487, 488 (Fla. 3d DCA 1980); State v. Jefferson, 340 So.2d 1189, 1190 (Fla. 4th DCA 1976).
In the instant case, it is clear that the crime occurred prior to the effective date of Florida Rule of Criminal Procedure 3.988(a) as amended, and the written reason for departure was invalid as a matter of law. State v. White, 532 So.2d 1083, 1084 (Fla. 5th DCA 1988). Accordingly, the sentence as set forth by the trial court is reversed and remanded for the entry of a proper sentence.
REVERSED AND REMANDED.
DAUKSCH and ORFINGER, JJ., concur.