STONE, Judge.
We reverse the appellee’s sentence imposed below the guideline range without *392 written reasons for departure. The appel-lee asserts that the sentence was valid, relying upon the amendment to the sentencing guidelines effective July 1, 1988. The amendment permits a discretionary one cell upward or downward departure without written reasons. However, the crime in question was committed prior to the effective date of the amendment.
Generally, the sentencing statute in effect on the date of the crime controls the validity of the sentence imposed, notwithstanding a subsequent amendment of the statute. Cf. Castle v. State, 330 So.2d 10 (Fla.1976); State v. Jefferson, 340 So.2d 1189 (Fla.4th DCA 1976); State v. Ussery, 543 So.2d 457 (Fla.5th DCA), rev. denied, 551 So.2d 464 (Fla.1989); Strachen v. State, 380 So.2d 487 (Fla.3d DCA 1980). We further note that there is no reason to assume that the legislature intended to grant a convicted defendant the benefit of a discretionary sentence below the guidelines without also imposing the corresponding risk of a sentence above the guidelines.[1]
Therefore, the sentence is reversed and the cause remanded for resentencing.
HERSEY, C.J., and DELL, J., concur.

. This was forbidden by Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987).