788 So.2d 313 (2001)
Arthur BARNHILL, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-3518.
District Court of Appeal of Florida, Fifth District.
May 11, 2001.
*314 Arthur Barnhill, Mayo, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, R.B., J.
Arthur Barnhill appeals the denial of his motion for postconviction relief and correction of sentence filed pursuant to Florida Rules of Criminal Procedure 3.850 and 3.800(a).[1] In his motion, Barnhill argues that he was improperly deemed an habitual offender because the offenses that were enhanced under the habitual offender statute were committed before the date of the conviction (but not the commission) of the predicate offense. Because the statute under which Barnhill was sentenced did not require sequential convictions as a prerequisite for classification as an habitual offender, we affirm the trial court's denial of Barnhill's motion.
On October 7, 1982, Barnhill committed a robbery with a weapon (offense 1). On October 15, 1982, Barnhill committed various other offenses (offense 2) culminating in convictions of attempted robbery with a firearm and aggravated battery with a firearm. In April, 1983, Barnhill was convicted of offense 1 and sentenced to twenty-five years in prison. On September 8, 1983, Barnhill was convicted and sentenced on offense 2 as an habitual offender to two concurrent thirty-year terms of imprisonment. In determining Barnhill to be an habitual offender, the trial court used offense 1, the April, 1983 conviction, as the predicate offense.[2]
Barnhill was sentenced under the 1977 version of the habitual offender statute. Section 775.084(1)(a)1, Florida Statutes (1977) provides that a defendant could be designated an habitual felony offender if the court found that the defendant had "[p]reviously been convicted of a felony in this state." Section 775.084(1)(a)2 only required that "[t]he felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior felony ...." § 775.084(1)(a)2, Fla. Stat. (1977). Significantly, the statute did not require that a defendant be convicted of the qualifying predicate offense prior to committing the second offense. Rather, the statute only required the trial court to find that the defendant committed the offense that he is being sentenced as habitual offender within five years of the predicate offense. See § 775.084(2), Fla. Stat. (1977); Smith v. State, 461 So.2d 995 (Fla. 5th DCA 1984).
*315 Courts do not have authority to change the plain meaning of a statute where the Legislature has unambiguously expressed its intent. State v. Barnes, 595 So.2d 22, 24 (Fla.1992). The 1977 version of the statute did not require sequential convictions. See, e.g., Barnes, 595 So.2d at 24 (holding that sequential convictions were not required by the 1988 version of the habitual offender statute).
Following Barnes, subsection (5) was added to the habitual offender statute by the Legislature in 1993. Section 775.084(5), Florida Statutes (1993), provides:
In order to be counted as a prior felony for purposes of sentencing under this section, the felony must have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony.
The intent of this revision was to require sequential convictions and sequential offenses as a prerequisite to habitual offender classification. See Ch. 93-406, § 2, Laws of Fla. (1993) (effective June 17, 1993); see also Smith v. State, 742 So.2d 352, 356 (Fla. 5th DCA 1999); Gavlick v. State, 740 So.2d 1212 (Fla. 2d DCA 1999); Rhodes v. State, 704 So.2d 1080 (Fla. 1st DCA 1997). However, this provision is not applicable to Barnhill since he was sentenced prior to its enactment. Thus, we conclude that Barnhill received a legal sentence.
Barnhill further alleges that the trial court erred by retaining jurisdiction over one-half of his sentence. He argues that the court could only retain jurisdiction over one-third of his sentence. Barnhill is correct on this point. In Nazworth v. State, 473 So.2d 214 (Fla. 5th DCA 1985), this court held that retention of jurisdiction is based on the statute in effect at the time of sentencing rather than at the time that the offense was committed. See Mills v. State, 462 So.2d 1075 (Fla.1985). At the time of Barnhill's sentencing in September, 1983, the trial court could retain jurisdiction for only one-third of Barnhill's sentence. § 947.16(3), Fla. Stat. (1983). See Ch. 83-131, § 9, Laws of Fla. (1983) (providing, that effective June 15, 1983, a trial court is authorized to retain up to one-third of a defendant's sentence). Therefore, the trial court improperly retained jurisdiction over one-half of Barnhill's sentence.
Ordinarily, we would remand the matter to the trial court with instructions to amend the portion of each sentence which retains jurisdiction to not more than one-third of each sentence. See Brumley v. State, 455 So.2d 1096 (Fla. 5th DCA 1984). However, because more than one-half of Barnhill's sentence has expired, the trial court would have lost jurisdiction anyway. Therefore, we simply strike the provision of the sentencing documents retaining jurisdiction.
AFFIRMED IN PART; CONDITION STRICKEN.
COBB and SAWAYA, JJ., concur.
NOTES
[1] We summarily affirm the denial of Barnhill's motion under rule 3.850 as untimely.
[2] At the time of Barnhill's conviction, the habitual offender statute required only one prior offense in order to classify a defendant as an habitual offender. See § 775.084, Fla. Stat. (1977).