952 So.2d 1269 (2007)
Sherman T. HENDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-5525.
District Court of Appeal of Florida, Second District.
April 13, 2007.
James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Diana K. Bock, Assistant Attorney General, Tampa, for Appellee.
THREADGILL, EDWARD F., Senior Judge.
Sherman Henderson challenges his conviction for possession of marijuana with intent to sell within 1000 feet of a public housing facility. Because the proximity enhancement in the version of the statute in effect at the time of Henderson's offense was only 200 feet, we reverse Henderson's conviction and remand with instructions to enter a judgment for possession with intent to sell.
In the information, the State cited section 893.13(1)(f), Florida Statutes, and alleged that the offense occurred on June 18, 2003. Pursuant to the 2002 version of the statute, possession of marijuana with intent to sell was enhanced from a third-degree felony to a second-degree felony when committed within 200 feet of a public *1270 housing facility. The legislature amended the statute in 2003, expanding the proximity enhancement from 200 to 1000 feet.[1] However, the 2003 amendment did not go into effect until July 1, 2003after Henderson committed the offense charged here.[2] Accordingly, the 2002 version of the statute applied to Henderson's crime. See Nazworth v. State, 473 So.2d 214, 215 (Fla. 5th DCA 1985) ("[T]he law in effect at the time the crime was committed governs the penalty to be imposed.").
As such, Henderson argues that his conviction should be reversed and that he should be discharged. We do agree that his conviction for the second-degree felony of possession of marijuana with intent to sell within 1000 feet of a public housing facility must be reversed because at the time Henderson committed the act, the statute did not identify such conduct as a second-degree felony. See J.J. v. State, 842 So.2d 266, 267 (Fla. 2d DCA 2003) ("Conviction of a nonexistent crime is fundamental error.").
However, we do not agree that Henderson should be discharged. The information sufficiently alleged the lesser-included offense of possession of marijuana with intent to sell, and the evidence at trial supported such a conviction. Accordingly, we remand with instructions to enter a judgment for possession of marijuana with intent to sell. See § 924.34, Fla. Stat. (2006); see also Bledsoe v. State, 764 So.2d 927 (Fla. 2d DCA 2000) (concluding that this court has the authority to reduce a conviction to a lesser-included offense "if the charging document sufficiently alleges [the lesser offense] and the evidence supports conviction for [the lesser offense]").
Reversed and remanded with instructions.
SALCINES and SILBERMAN, JJ., Concur.
NOTES
[1] Ch.2003-95, § 1, at 473-74, Laws of Fla.
[2] Id., § 3, at 480.