DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**JOHNNY DURIEL HARRIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-125

[October 22, 2014]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; William L. Roby, Judge; L.T. Case No. 432011CF 000998A.

Carey Haughwout, Public Defender, and Tom Wm. Odom, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Defendant Johnny Duriel Harris ("Defendant") appeals his convictions for possession of cocaine ("Count One"), and possession of cannabis ("Count Two"), both with intent to sell or deliver within 1,000 feet of a park, community center, or recreational facility pursuant to section 893.13(1)(c), Florida Statutes (2011). Defendant contends, and the State concedes, that his convictions on these two counts were error when the only testimony presented showed that these offenses happened "near" a park, but did not establish the actual distance involved. Defendant asks that these convictions be reversed outright, while the State argues that this court should order the convictions reduced to lesser included offenses. We agree with the State, and reverse and remand for entry of a judgment of conviction and resentencing on the lesser included offenses of possession with intent to sell or deliver for both Count One and Count Two. We find Defendant's other arguments on appeal to be without merit, and affirm his convictions on all other charges.

In the course of a narcotics investigation, police completed two controlled purchases of cocaine from Defendant and observed multiple individuals purchasing narcotics from him in "hand to hand" transactions at his residence. Officers executed a search warrant on the residence and recovered cocaine, marijuana, a digital scale, and other drug-related paraphernalia. The arresting officer noted in the arrest affidavit that a park was located approximately 400 feet from the residence, causing Defendant to be charged with possession of both cocaine and marijuana with intent to sell, manufacture, or deliver within 1,000 feet of a park.

The State concedes that there was insufficient evidence presented at trial concerning the proximity of the Defendant's residence to the park, one of the elements for the charge in both Count One and Count Two. Since no error is alleged relating to the jury's finding that Defendant was in possession of cocaine and cannabis with the intent to sell, we must consider the appropriate remedy to be applied when one element of the original charge fails, yet there is sufficient proof of the other elements to support a conviction for a lesser included offense.

Necessary lesser included offenses are defined as "those offenses in which the statutory elements of the lesser included offense are always subsumed within those of the charged offense." *Sanders v. State*, 944 So. 2d 203, 206 (Fla. 2006) (citing *State v. Paul*, 934 So. 2d 1167, 1176 (Fla. 2006)). In other words, a necessary lesser included offense is one that "a defendant cannot possibly avoid committing . . . when the [charged offense] is perpetrated." *State v. Weller*, 590 So. 2d 923, 925 (Fla. 1991). Trial judges are required to instruct the jury regarding a necessary lesser included offense. *State v. Wimberly*, 498 So. 2d 929, 933 (Fla. 1986). Because Defendant could not have committed the charged offenses under section 893.13(1)(c) in Counts One and Two without committing the lesser included offenses of possession with intent to sell or deliver, they are considered necessary lesser included offenses.

A criminal defendant is entitled to a jury trial and a finding of guilt beyond a reasonable doubt as to every element of the crime charged. *Apprendi v. New Jersey*, 530 U.S. 466, 476-77 (2000). Florida Statutes permit appellate courts to direct a trial court to enter a judgment for a lesser included offense if the jury's verdict includes a finding of guilt for each element of that lesser included offense. § 924.34, Fla. Stat. (2011). Section 924.34 states:

> When the appellate court determines that the evidence does not prove the offense for which the defendant was

found guilty but does establish guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.

§ 924.34, Fla. Stat. (2011); *see also Cornejo v. State*, 892 So. 2d 1160, 1162 (Fla. 4th DCA 2005) (stating that an appellate court can remand for entry of a conviction of a lesser included offence only if the jury's verdict includes a finding of guilt beyond a reasonable doubt for each element of the lesser included offense).

In examining the elements of these charged offenses, it is clear that the crimes alleged in the charging document sufficiently alleged the lesser included offenses of possession of controlled substances with intent to sell under section 893.13(1)(a), and the evidence at trial supports convictions under that statute. *See Henderson v. State*, 952 So. 2d 1269, 1270 (Fla. 2d DCA 2007). There is also sufficient evidence in the record that every element of those lesser included offenses was proved to the jury beyond a reasonable doubt. As a result, entry of judgment for the lesser included offenses of possession of the drugs with intent to sell on both Count One and Count Two is proper pursuant to section 924.34.

We hereby reverse Defendant's convictions on Count One and Count Two, but remand this case back to the trial court with instructions to enter judgments of conviction against the Defendant under section 893.13(1)(a) for possession of cocaine with intent to sell on Count One, and for possession of cannabis with intent to sell on Count Two, as well as for resentencing on these convictions.

*Affirmed in part, Reversed in part, and Remanded with instructions.*

STEVENSON, MAY and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3