# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2521

_____

BOBBY BIGHAM,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Linda F. McCallum, Judge.

February 23, 2018

WINOKUR, J.

The appellant, Bobby Bigham, appeals from an order denying his motion brought under Florida Rule of Criminal Procedure 3.800.* For the reasons discussed below, we affirm.

_____

    * Bigham's motion was entitled "Motion to Correct Sentencing Error" and cited rule 3.800(b). However, motions under rule 3.800(b) must be made prior to appeal or pending appeal, whereas Bigham's motion was filed almost three years after his appeal was concluded. The court below did not address this apparent error. It appears that the court below considered Bigham's motion to have been brought under Florida Rule of Criminal Procedure 3.800(a), which allows a court, "at any time,"

In Bigham's motion, he argued that he was improperly charged with trafficking in hydrocodone (14 grams or more, but less than 28 grams) pursuant to section 893.135(1)(c)1.b., Florida Statutes. He alleged that this subsection pertains to hydromorphone and not hydrocodone, and the error resulted in the imposition of a fifteen-year mandatory minimum sentence rather than the three-year mandatory minimum sentence required by law.

In 2012, when Bigham committed his offense, trafficking in hydrocodone, as well as trafficking in hydromorphone (among other controlled substances), was prohibited by section 893.135(1)(c)1. If the quantity involved was 14 grams or more, but less than 28 grams, the offense was punishable by a 15-year mandatory minimum sentence. § 893.135(1)(c)1.b., Fla. Stat. (2012).

In 2014, the Legislature amended section 893.135(1)(c) to move the provision prohibiting trafficking in hydrocodone to its own subparagraph (section 893.135(1)(c)2.) and reduce the applicable mandatory minimum to three years imprisonment. *See* Ch. 2014-176, § 1, at 2388, Laws of Fla. That amendment became effective on July 1, 2014. Ch. 2014-176, § 5, at 2413, Laws of Fla. Trafficking in hydromorphone remained in subparagraph (1)(c)1., and still carries a fifteen-year minimum mandatory sentence. Referring to the current version of the statute, Bigham concludes that he must have been improperly sentenced for trafficking in hydromorphone, because hydrocodone is in a different part of the statute, and carries only a three-year minimum mandatory sentence.

The Florida Constitution provides that "[r]epeal or amendment of a criminal statute shall not affect prosecution or punishment for any crime previously committed." Art. X, § 9, Fla. Const. The purpose of this "Savings Clause" is to "require the statute in effect at the time of the crime to govern the sentence

---

to "correct an illegal sentence." We treat Bigham's motion as a motion to correct illegal sentence under rule 3.800(a).

an offender receives for the commission of that crime." *Horsley v. State*, 160 So. 3d 393, 406 (Fla. 2015) (citing *Castle v. State*, 330 So. 2d 10, 11 (Fla. 1976)).

Because the Legislature did not reduce the applicable mandatory minimum sentence until after Bigham committed his offense, the 2014 amendment did not apply, and he was properly charged and sentenced under the 2012 version of the statute. *See Anderson v. State*, 42 Fla. L. Weekly D1870 (Fla. 1st DCA Aug. 28, 2017) (holding that the mandatory minimums for trafficking in hydrocodone provided for in the 2014 amendment to section 893.135(1)(c) did not apply to an offense committed before the amendment's effective date). Under these circumstances, Bigham's rule 3.800 motion was properly denied.

AFFIRMED.

B.L. THOMAS, C.J., and MAKAR, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Bobby Bigham, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Kaitlin Weiss, Assistant Attorney General, Tallahassee, for Appellee.