DOWNEY, Judge.
We have carefully reviewed appellant’s points on appeal and find that they fail to demonstrate reversible error. However, we do notice sua sponte that the sentence imposed by the trial court is unauthorized.
Appellant was charged with the offense of rape, alleged to have occurred on August 6, 1972. He was tried and convicted on November 16, 1972, and sentenced to imprisonment for a term of one hundred and twenty-five years, and two dollars court costs.
On June 29, 1972, the Supreme Court of the United States held that several state statutes which imposed the death penalty were unconstitutional. Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346. Thereafter the Supreme Court of Florida held that the Furman decision eliminated the death penalty from the Florida statutes. Donaldson v. Sack, Fla.1972, 265 So.2d 499. In anticipation of the foregoing events, the 1972 session of the Florida Legislature amended F.S. Section 775.-082(2), F.S.A. to provide that in the event the Supreme Court of the United States or the Supreme Court of Florida declared the death penalty unconstitutional, a person convicted of a capital felony should be punished by life imprisonment. Thus, the appropriate and only sentence authorized by law for the crime of rape at the time appellant was convicted was life imprisonment.
*503 Accordingly, the judgment of conviction is affirmed. The sentence imposed by the trial court is vacated and the appellant is sentenced to life imprisonment.
_ . , It is so ordered.
WALDEN and MAGER, JJ., concur.