418 So.2d 1183 (1982)
Benjamin Hayward HOPKINS, Appellant,
v.
STATE of Florida, Appellee.
No. AI-446.
District Court of Appeal of Florida, First District.
August 31, 1982.
Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Kathryn L. Sands, Asst. Atty. Gen., Jacksonville, for appellee.
JOANOS, Judge.
In this appeal from a judgment and sentence for first degree murder, a capital felony, following a guilty plea, appellant contends that the court erred in sentencing him to a term of 199 years. The sentence also provided that appellant would have no parole eligibility for 25 years, and the court reserved jurisdiction to review any release order pursuant to Section 947.16(3), Florida Statutes, for 66 years. Appellant asserts that the only sentence authorized for a capital felony when the death sentence is not imposed is life imprisonment with no parole eligibility for 25 years; in other words, there was no authority for the sentence to a term of 199 years rather than simply "life." *1184 Appellant contrasts the language of subsection 775.082(1), which contains no reference to a term of years or term of imprisonment, with that of subsections 775.082(3)(a) and (b), which provide for punishment "by a term of imprisonment for life" and "by imprisonment for a term of years not exceeding life imprisonment," respectively. Appellee agreed that the appropriate sentence would be life imprisonment with the requirement that no less than 25 years be served before parole eligibility, citing Craig v. State, 290 So.2d 502 (Fla. 4th DCA 1974), and recommended that the sentence be revised to conform with Sections 775.082 and 947.16, Florida Statutes (1981).
In analyzing the case and arguments of appellant, there appeared a potential problem in the application of Section 947.16(3), Florida Statutes, should the sentence be revised according to the parties' recommendations. On resentencing appellant to life imprisonment, should the trial court again enter an order pursuant to Section 947.16(3), it would be for one-third of the life sentence. We have considered the parties' supplemental briefs on this point. However, it is not appropriate to decide at this time whether the sentencing court may enter an order retaining jurisdiction for the first one-third of a life sentence, since no such order has been entered by the court below. See Gaskins v. State, 415 So.2d 132 (Fla. 5th DCA 1982).
Based on the authorities brought to this court's attention by the parties, it appears that the only sentence authorized under Section 775.082(1) in this case is life imprisonment with no eligibility for parole until no less than 25 years have been served.
The sentence is vacated and remanded for resentencing to life imprisonment with no less than 25 years to be served before appellant is eligible for parole.
LARRY G. SMITH and THOMPSON, JJ., concur.