421 So.2d 661 (1982)
Belarmino CORDERO-PENA, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-1728.
District Court of Appeal of Florida, Third District.
November 2, 1982.
Bennett H. Brummer, Public Defender and John H. Lipinski, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Jack Ludin, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
We affirm the appellant's convictions. We vacate that portion of the sentence for first-degree murder wherein the trial court retained jurisdiction for one-third of the life sentence imposed to review any parole commission release order pertaining to the defendant. See § 947.16(3), Fla. Stat. (1981). We conclude that where a court imposes a life sentence, Section 947.16(3) is inoperable, since because a life span is immeasurable, see Alvarez v. State, 358 So.2d 10 (Fla. 1978), no calculation of the length of time jurisdiction is retained can be made. With the exception of the capital felony, all crimes set forth in Section 947.16(3) as to which a trial court may retain jurisdiction over the defendant, including life felonies, are punishable by imprisonment for a term of years, see § 775.082(3), Fla. Stat. (1981), against which term the time of retention *662 can be measured. However, in the case of a capital felony, the imposition of a life sentence is mandatory, and the defendant's entitlement to parole consideration is solely controlled by the separate statutory requirement that he be required to serve no less than twenty-five years before becoming eligible for parole. See § 775.082(1), Fla. Stat. (1981).
Affirmed in part; vacated in part.