424 So.2d 892 (1982)
Cabrales G. RODRIGUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-1700.
District Court of Appeal of Florida, Third District.
December 21, 1982.
*893 Bennett H. Brummer, Public Defender and Howard Blumberg, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Penny H. Hershoff, Asst. Atty. Gen., for appellee.
Before BARKDULL and SCHWARTZ, JJ., and KAPNER, LEWIS, Associate Judge.
PER CURIAM.
The appellant was not denied a "public" trial under the United States Constitution, Sixth Amendment and the Florida Constitution Article 1 Section 16 by a trial judge excluding,[1] for a limited purpose of taking the testimony of a victim in a prosecution for aggravated assault and sexual battery, a portion of the public from the courtroom during her testimony.[2]Douglas v. State, 328 So.2d 18 (Fla. 1976); Robertson v. State, 64 Fla. 437, 60 So. 118 (1912); Bivins v. State, 313 So.2d 471 (Fla. 4th DCA 1975).
Therefore, the conviction, adjudication and sentence are affirmed, except that portion retaining jurisdiction over the first one-third of the life sentence, which is hereby stricken. Corero-Pena v. State, 421 So.2d 661 (Fla. 3d DCA 1982).
Affirmed as modified.
NOTES
[1] The order excluded all spectators with the exception of the news media. The victim and the defendant were permitted to remain in the court room and the jury was unaware of the limited exclusion order.
[2] The victim was a 33 year old school teacher who requested that her testimony be taken in private because of personal embarrassment. It also appears that as her testimony was being taken there were school children in and about the courthouse and the trial court was of the opinion that the incident might get back to the victims school by word of mouth, thereby adversely affecting the victim.