PER CURIAM.
Jabo Woodson, defendant below, appeals the sentence imposed by the trial court following a jury verdict finding him guilty of robbery with a firearm. The trial court sentenced appellant to life imprisonment with a mandatory minimum sentence of three years for the use of a firearm during the commission of a felony. In addition, the trial court found a number of aggravating circumstances which it felt warranted the retention of jurisdiction over appellant’s sentence. Accordingly, the trial court entered an order stating that jurisdiction would be retained for an indefinite period of time. This the trial court may not do. Section 947.16(3), Florida Statutes (1981), the statute in effect when appellant committed the offense for which he is convicted, allowed a trial court to retain jurisdiction only over the first third of the maxi *977 mum sentence imposed. Whigham v. State, 404 So.2d 858 (Fla. 1st DCA 1981). Nor may the trial court retain jurisdiction over the first third of the life sentence. While other courts within the state have not yet ruled on this issue directly, see, e.g., Harmon v. State, 438 So.2d 369 (Fla.1983); Hopkins v. State, 418 So.2d 1183 (Fla. 1st DCA 1982); Gaskins v. State, 415 So.2d 132 (Fla. 5th DCA 1982), the Third District Court of Appeal has adopted the position that where a life sentence is imposed, section 947.16(3), Florida Statutes is inappo-site. Since a life span is immeasurable, no calculation of the length of time jurisdiction can be retained can be made. Rodriguez v. State, 424 So.2d 892 (Fla. 3d DCA 1982); Cordero-Pena v. State, 421 So.2d 661 (Fla. 3d DCA 1982). But see Gaskins v. State, 415 So.2d 132 (Fla. 5th DCA 1982) (Cowart, J., dissenting). Appellant’s other point on appeal is without merit.
Affirmed as to appellant’s conviction. The mandatory minimum three year sentence for the use of a firearm during the commission of a felony is left undisturbed. The remaining portion of the sentence is vacated for entry of a sentence not inconsistent with this opinion.