448 So.2d 57 (1984)
Michael Allen KOSEK, Appellant,
v.
STATE of Florida, Appellee.
No. 83-238.
District Court of Appeal of Florida, Fifth District.
April 5, 1984.
Michael Allen Kosek, pro se.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Michael Kosek appeals from an order denying his motion to correct sentence. On January 28, 1980, Kosek was convicted of second degree murder, false imprisonment and aggravated assault. Kosek was sentenced to life imprisonment on the murder charge and to two five-year terms for the other charges, each sentence to run consecutively. The court also retained jurisdiction under section 947.16, Florida Statutes (Supp. 1978), for the first one-third of the total consecutive sentences imposed. Kosek contends that the court could not retain jurisdiction over one-third of a life sentence as that would effectively deny him the possibility of parole contrary to the legislative intent of section 947.16. We agree.
Section 947.16(3), Florida Statutes (Supp. 1978) provides as follows:
Persons who have become eligible for parole and who may, according to the objective parole guidelines of the commission, be granted parole shall be placed on parole in accordance with the provisions of this law; except that, in any case of a person convicted of murder, robbery, aggravated assault, aggravated battery, kidnapping, sexual battery, arson, or any felony involving the use of a firearm or other deadly weapon or the use of intentional violence, at the time of sentencing the judge may enter an order retaining jurisdiction over the offender for review of a commission release order. This jurisdiction of the trial court judge is limited to the first third of the maximum sentence imposed. When any person is convicted of two or more felonies and concurrent sentences are imposed, then the jurisdiction of the trial court judge as provided herein shall apply to the first third of the maximum sentence imposed for the highest felony charged and proven. When any person is convicted of two or more felonies and consecutive sentences are imposed, then the jurisdiction of the trial court judge as provided herein shall apply to one-third of the total consecutive sentences imposed.
*58 Kosek argues that retention of jurisdiction over the first one-third of a life sentence is improper because the period of retention of jurisdiction cannot be calculated.
The Third District has recently adopted the position that section 947.16(3) is inapplicable where a life sentence is imposed. Woodson v. State, 439 So.2d 976 (Fla. 3d DCA 1983); Rodriguez v. State, 424 So.2d 892 (Fla. 3d DCA 1982); Cordero-Pena v. State, 421 So.2d 661 (Fla. 3d DCA 1982). In Cordero-Pena, the court explained its reasoning as follows:
We conclude that where a court imposes a life sentence, Section 947.16(3) is inoperable, since because a life span is immeasurable, see Alvarez v. State, 358 So.2d 10 (Fla. 1978), no calculation of the length of time jurisdiction is retained can be made. With the exception of the capital felony, all crimes set forth in Section 947.16(3) as to which a trial court may retain jurisdiction over the defendant, including life felonies, are punishable by imprisonment for a term of years, see § 775.082(3), Fla. Stat. (1981), against which term the time of retention can be measured. However, in the case of a capital felony, the imposition of a life sentence is mandatory, and the defendant's entitlement to parole consideration is solely controlled by the separate statutory requirement that he be required to serve no less than twenty-five years before becoming eligible for parole. See § 775.082(1), Fla. Stat. (1981).
421 So.2d at 661-662.
In Woodson and Rodriguez, the court applied the same rule to a case involving life felonies. Here, Kosek was convicted of murder in the second degree which constitutes a felony of the first degree, punishable by imprisonment for a term of years not exceeding life or as provided in sections 775.082, 775.083 or 775.084. § 782.04(2), Fla. Stat. (1977).
The state relies on Harmon v. State, 416 So.2d 835 (Fla. 1st DCA 1982). There, the First District held that it was not error for the trial court to retain jurisdiction for one-third of each of six consecutive 100 year sentences. In approving the appellate decision, the supreme court held that imprisonment for a term of years, even though it is longer than the defendant's life expectancy, is a definite term of imprisonment. Harmon v. State, 438 So.2d 369 (Fla. 1983). The same, however, cannot be said of a life sentence. Since a life sentence has no known termination point, it would be impossible to calculate when the trial court's retention of jurisdiction had ended and hence the court could retain jurisdiction for a longer time than permitted by law.
We REVERSE the order below and REMAND the cause for further proceedings consistent with this opinion.
SHARP, J., concurs.
ORFINGER, C.J., dissents without opinion.