450 So.2d 924 (1984)
Michael Tyrone PARSON, Appellant,
v.
STATE of Florida, Appellee.
No. 83-638.
District Court of Appeal of Florida, Fourth District.
June 13, 1984.
Richard L. Jorandby, Public Defender, and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellant.
*925 Jim Smith, Atty. Gen., Tallahassee, and Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We affirm appellant's convictions and, except as hereinafter specifically provided, the sentences.
Retention of jurisdiction over one-half of each of several consecutive sentences is improper. Retention, where otherwise justified, may be retained over one-half of the total consecutive sentences imposed. § 947.16(3), Fla. Stat. (1982 Supp.); Goree v. State, 411 So.2d 1352 (Fla. 3d DCA 1982).
Imposition of consecutive three-year mandatory minimum sentences for multiple offenses arising out of the same criminal episode is similarly impermissible. Palmer v. State, 438 So.2d 1 (Fla. 1983); Whitehead v. State, 446 So.2d 194 (Fla. 4th DCA 1984).
Imposition of costs without adequate notice and an opportunity to be heard violates due process requirements. Jenkins v. State, 444 So.2d 947 (Fla. 1984).
We therefore remand this cause for correction of sentences and for such further proceedings, including hearing on costs, as may be appropriate.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
HERSEY, GLICKSTEIN and WALDEN, JJ., concur.