453 So.2d 409 (1984)
Kenneth Leroy COFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. AT-157.
District Court of Appeal of Florida, First District.
June 15, 1984.
As Corrected on Denial of Rehearing August 2, 1984.
Michael E. Allen, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
In this appeal from conviction for first degree murder and armed robbery which resulted in the imposition of two consecutive life sentences, appellant, Kenneth Leroy Cofield, contends the trial court erred in retaining jurisdiction over one-half of the two sentences imposed, first, because any retention over an immeasurable life sentence is improper, and second because application of the revised-retention statute allowing retention over one-half, as compared to one-third of his sentence, amounts to an ex post facto violation. For the following reasons we decline to reach the merits of Cofield's claims and dismiss the appeal.
The record discloses that neither Cofield nor his court-appointed attorney objected when the trial court declined to follow the state's recommendation that it impose the death penalty in this case but, instead, inflicted two life sentences, retaining jurisdiction over one-half of each. Nor was any objection made when the court gratuitously pronounced Section 947.16(3), *410 Florida Statutes (Supp. 1982)[1] to be procedural, therefore allowing for retroactive application. When, in prior cases, the retroactive application of that same statute has been challenged, this court has held:
Ex post facto application of the retention statute is not fundamental error and objection must be made at the trial level to preserve the issue for appellate review.
Fredricks v. State, 440 So.2d 433, 434 (Fla. 1st DCA 1983). See also Brown v. State, 428 So.2d 369 (Fla. 5th DCA 1983); Mobley v. State, 447 So.2d 328 (Fla. 2d DCA, February 24, 1984). Likewise, where retention of jurisdiction over a portion of a life sentence has been challenged, but no objection to such retention was made before the trial court, the issue has been held to be not preserved for appellate review. Gaskins v. State, 415 So.2d 132 (Fla. 5th DCA 1982). We therefore conclude that Cofield's failure to make any objection to the court's retention of jurisdiction over one-half of his consecutive life sentences precludes him from challenging such retention by direct appeal.
In reaching this decision, we are not unaware of the recent Florida Supreme Court decision of State v. Rhoden, 448 So.2d 1013 (Fla., 1984) where, in dicta, it was stated that "[t]he purpose for the contemporaneous objection rule is not present in the sentencing process" as it is at trial. Id. at 1016. We decline, however, to adopt the broad interpretation of that decision advanced by appellant which would, in effect, eliminate the need for a contemporaneous objection to alleged sentencing errors in all cases. Rather, we find that decision to be limited to situations where the trial court, in sentencing a defendant, fails to comply with a mandatory duty imposed upon him by statute. For example, the trial judge in Rhoden failed to set out, in writing, his reasons for sentencing a juvenile as an adult as required by Section 39.111, Florida Statutes (1981). Here, however, the trial court fully complied with the requisites of section 947.15 by stating, with particularity, his justification for retention of jurisdiction. We therefore find Rhoden does not apply to the circumstances of this case but would, pursuant to Fla.R.App.P. 9.030(a)(2)(A)(v), certify the following question to the Florida Supreme Court as being one of great public importance:
WHETHER, BY OPERATION OF THE CONTEMPORANEOUS OBJECTION RULE, A DEFENDANT IS PRECLUDED FROM CHALLENGING, ON DIRECT APPEAL, THE TRIAL COURT'S RETENTION OF JURISDICTION OVER ONE-HALF OF HIS LIFE SENTENCE WHEN NO OBJECTION TO SUCH RETENTION IS MADE AT THE TIME OF SENTENCING?
This appeal is sua sponte DISMISSED without prejudice to appellant's right to raise this issue in conjunction with an allegation of ineffective assistance of counsel pursuant to Fla.R.Crim.P. 3.850.
BOOTH and WENTWORTH, JJ., concur.
ERVIN, C.J., dissents w/opinion.
ERVIN, Chief Judge, dissenting.
I respectfully dissent from the majority's conclusion that the appellant's failure to object to the court's retention of jurisdiction over one-half of his consecutive life sentences now precludes him from challenging the retention by direct appeal. Although the facts in State v. Rhoden, 448 So.2d 1013 (Fla. 1984), are somewhat distinguishable, the language in the opinion is clearly broad enough to apply to the error involved in the instance case. Rhoden states as follows:
Further, with regard to the respondent's failure to contemporaneously object to the trial judge's failure to follow the statute in sentencing respondent, we agree with the reasoning of Judge Sharp in her dissent in Glenn v. State. Judge Sharp pointed out that it is difficult, if not impossible, for counsel to contemporaneously object to the absence of a written order at the sentencing *411 hearing "since counsel at that stage does not know for sure what the written sentence may be, and a written order pursuant to section 39.111 may indeed be subsequently filed." 411 So.2d at 1368. The contemporaneous objection rule, which the state seeks to apply here to prevent respondent from seeking review of his sentence, was fashioned primarily for use in trial proceedings. The rule is intended to give trial judges an opportunity to address objections made by counsel in trial proceedings and correct errors. See Simpson v. State, 418 So.2d 984 (Fla. 1982), cert. denied, [459 U.S. 1156], 103 S.Ct. 801 [74 L.Ed.2d 1004] (1983); State v. Cumbie, 380 So.2d 1031 (Fla. 1980); Clark v. State, 363 So.2d 331 (Fla. 1978). The rule prohibits trial counsel from deliberately allowing known errors to go uncorrected as a defense tactic and as a hedge to provide a defendant with a second trial if the first trial decision is adverse to the defendant. The primary purpose of the contemporaneous objection rule is to ensure that objections are made when the recollections of witnesses are freshest and not years later in a subsequent trial or a post-conviction relief proceeding. The purpose for the contemporaneous objection rule is not present in the sentencing process because any error can be corrected by a simple remand to the sentencing judge. If the state's argument is followed to its logical end, a defendant could be sentenced to a term of years greater than the legislature mandated and, if no objection was made at the time of sentencing, the defendant could not appeal the illegal sentence.
Id. at 1016 (e.s.).
I would therefore reject the state's waiver argument and reach the merits of the case. On the merits, the court, having imposed a life sentence, had no right to retain jurisdiction of an immeasurable sentence. See Cordero-Pena v. State, 421 So.2d 661, 662 (Fla. 3d DCA 1982); accord Rodriguez v. State, 424 So.2d 892 (Fla. 3d DCA 1982).
I am moreover of the view that retroactive application of Section 947.16(3), Florida Statutes (Supp. 1982), effective April 20, 1982, to an offense which occurred before the statute's enactment, or March 19, 1981, is a violation of the constitutional prohibition against ex post facto laws. See Fla. Const., Art. I, Section 10, and State v. Williams, 397 So.2d 663 (Fla. 1981); Brown v. State, 428 So.2d 369 (Fla. 5th DCA 1983). Under the circumstances the sentence should be vacated and the cause remanded for the purpose of the lower court's imposing a sentence consistent with the authorities cited.
NOTES
[1] We note that section 947.16 was again amended in 1983 and now allows retention over only one-third of sentences rather than one-half. See Ch. 83-131, § 9, Laws of Florida.