WENTWORTH, Judge.
Appellant seeks review of judgments of conviction and sentences entered after nolo pleas. Concurrent terms of probation were imposed for each of the offenses, with the further requirement that appellant pay court costs and make restitution to the City of Havana for investigative expense. On .appeal appellant challenges the requirement that he make restitution; we find that the issue was not preserved for appellate review, and we therefore dismiss the appeal.
When challenging a condition of probation a defendant “should clearly state of record his objections _” Bentley v. State, 411 So.2d 1361 (Fla. 5th DCA 1982), en banc. And “for an argument to be cognizable on appeal [to show reversible error], it must be the specific contention asserted as legal ground for the objection, exception, or motion below.” Steinhorst v. State, 412 So.2d 332 (Fla.1982). In the present case at the sentencing hearing appellant’s attorney said:
... I was advised in chambers about the court costs going to Havana, and I object to that.

THE COURT: If you can show me where its illegal I’ll reconsider, and put something else in.... I’ll just increase the amount he pays the county. [APPELLANT’S ATTORNEY]: Judge, I have no objection. What I’m trying to get to is the precedent being set .... Appellant stated no other legal ground or specific objection on the record. We therefore conclude, pursuant to Steinhorst and Bentley, that the asserted issue regarding restitution was not preserved for appellate review, and we do not consider the merits of appellant’s challenge here of the particular costs as restitution.[1]
The appeal is therefore dismissed, without prejudice to appellant’s right to file a Fla.R.Crim.P. 3.850 motion for post-conviction relief.
BOOTH, J., concurs.
ERVIN, C.J., dissents with opinion.

. While the Florida Supreme Court has recently expanded the scope of sentencing errors which are cognizable on appeal without objection below so as to include the failure to comply with a mandatory sentencing duty imposed by statute, see State v. Rhoden, 448 So.2d 1013 (Fla.1984), the present case involves no such mandatory duty and Rhoden is therefore inapplicable. See generally, Cofield v. State, 453 So.2d 409 (Fla. 1st DCA 1984).