PER CURIAM.
Hudak, a barroom bouncer, was tried by jury and found guilty of battery, contrary to Section 784.03, Florida Statutes (1982), based on an altercation in which the victim received a broken jaw. Hudak appeals. We reverse and remand for a new trial based on these errors:
First, the defense presented evidence of self-defense. Therefore, it was reversible error for the trial court to refuse to give requested instruction No. 3.04(d), Self-defense, Justifiable Use of Non-deadly Force, Florida Standard Jury Instructions in Criminal Cases (1981). See Taylor v. State, 301 So.2d 123 (Fla. 4th DCA 1974).
Second, because the defense presented character witnesses, we find that the trial court again erred when it refused the defense’s request to give an appropriate jury instruction. Sunderland v. United States, 19 F.2d 202 (8th Cir.1927); United States v. Quick, 128 F.2d 832 (3d Cir.1942); United States v. Darland, 626 F.2d 1235 (5th Cir.1980).
Our third and last ground for reversal is the trial court’s exclusion, after a proper predicate was established, of evidence of the victim’s propensity for violence, a fact known by the defendant which allegedly created a substantial apprehension for his own safety. Hager v. State, 439 So.2d 996 (Fla. 4th DCA 1983); Smith v. State, 410 So.2d 579 (Fla. 4th DCA 1982); Williams v. State, 252 So.2d 243 (Fla. 4th DCA 1971), cert. denied, 255 So.2d 682 (Fla.1971).
Reversed and remanded for a new trial.
GLICKSTEIN, WALDEN and BARK-ETT, JJ., concur.