HERSEY, Judge.
We affirm appellant’s convictions and treat here only the objections to sentencing.
Appellant was sentenced to life in prison on one count to run consecutively with a five-year sentence on a second count with retention of jurisdiction over one-third of each sentence. No objection was made to the sentences.
The first issue is whether failure to object to the sentences waives appealability or whether sentencing errors of this type are fundamental.
The Florida Supreme Court in State v. Rhoden, 448 So.2d 1013 (Fla.1984), and in State v. Snow, 462 So.2d 455 (Fla.1985), enunciated the rule that a trial court’s failure to follow a mandatory statutory duty imposed upon sentencing procedures renders inoperable the bar to appellate review ordinarily consequent upon failure to follow the contemporaneous objection rule. That aspect of retention of jurisdiction involved in the Snow case, however, was the mandatory statutory duty to state with particularity the justification for retention rather than, as here, the validity vel non of retention over a life sentence. The First District Court of Appeal distinguished Rhoden on this basis but certified the question. Cofield v. State, 453 So.2d 409 (Fla. 1st DCA 1984). The Fifth District Court of Appeal felt that this was a distinction without a difference, applied Rhoden, and also certified the question. Brumley v. State, 455 So.2d 1096 (Fla. 5th DCA 1984).
In reaching the conclusion that this matter is appealable we necessarily create conflict with the first district’s Cofield case, although we do not necessarily agree with the fifth district’s Brumley case that our result is mandated by Rhoden and Snow.
The second issue is whether retention of jurisdiction over a life sentence is appropriate. As stated by the Third District Court of Appeal in a case apparently not involving failure to make a contemporaneous objection, “where a court imposes a life sentence, Section 947.16(3) [retention of jurisdiction] is inoperable ... and the defendant’s entitlement to parole consideration is solely controlled by the separate statutory requirement that he be required to serve no less than twenty-five years before becoming eligible for parole.” Cordero-Pena v. State, 421 So.2d 661, 662 (Fla. 3d DCA 1982). See also Brown v. State, 460 So.2d 988 (Fla. 4th DCA 1984); Kosek v. State, 448 So.2d 57 (Fla. 5th DCA 1984). We agree with this rationale and therefore hold that attempted retention of jurisdiction over a portion of a life sentence constitutes an illegal sentence and is error of fundamental proportion.
We also point out that it was error to retain jurisdiction over one-third of each of appellant’s consecutive sentences, instead of one-third of the total consecutive sentences. Coree v. State, 411 So.2d 1352 (Fla. 3d DCA 1982); see also Parson v. State, 450 So.2d 924 (Fla. 4th DCA 1984); Ferrey v. State, 457 So.2d 1122 (Fla. 3d DCA 1984); Wicker v. State, 445 So.2d 583 (Fla. 2d DCA 1983). However, this issue is rendered moot by our holding as to the invalidity of retention of jurisdiction over a portion of the life sentence.
We affirm the convictions but vacate that aspect of the sentence retaining jurisdiction over a portion of the life sentence and remand for restructuring of the sentence to impose an appropriate period of retention over the five-year sentence on Count II.
REVERSED and REMANDED.
DOWNEY and BARKETT, JJ., concur.