481 So.2d 481 (1986)
STATE of Florida, Petitioner,
v.
Cleve Andrew MOBLEY, Respondent.
No. 66929.
Supreme Court of Florida.
January 9, 1986.
Jim Smith, Atty. Gen. and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender and Jeffrey Anderson, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for respondent.
PER CURIAM.
This cause is before us due to express and direct conflict with Cofield v. State, 453 So.2d 409 (Fla. 1st DCA 1984). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution.
The district court affirmed Mobley's convictions, but found reversible error in the trial court's retention of jurisdiction over one-third of his life sentence even though there was no objection at sentencing. We approve the decision of the district court.
If a trial court has no statutory authority to retain jurisdiction over a defendant's sentence, failure to object in the trial court will not preclude appellate review. State v. Walcott, 472 So.2d 741 (Fla. 1985). There is no statutory authority for retention of jurisdiction over an indeterminate sentence. Echols v. State, 484 So.2d 568 (Fla. Sept. 19, 1985); Cordero-Pena v. State, 421 So.2d 661 (Fla. 3d DCA 1982).
Accordingly, we approve the decision of the district court[*] and disapprove the contrary holding on this issue in Cofield.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[*] We find no need to discuss respondent's point III.