481 So.2d 1285 (1986)
James Michael COOK, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2358.
District Court of Appeal of Florida, Fourth District.
January 22, 1986.
Sara Blumberg of Dubiner & Blumberg, Boynton Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant was initially charged with first degree murder. As a result of negotiations leading to a plea bargain, the charges were reduced to second degree murder for which appellant would be sentenced to life imprisonment, subject to the three-year minimum for use of a firearm, and the court was to retain jurisdiction over appellant's sentence for fifteen years in view of the brutal nature of the crime. In the *1286 discussion of this sentence appellant's counsel advised the court that it was appellant's understanding that, in the event the court chose to retain jurisdiction over appellant's sentence and veto any proposed parole date, appellant would serve the entire fifteen years. During the colloquy, appellant knowingly, voluntarily and intelligently agreed that the court would retain jurisdiction for fifteen years over appellant's sentence as an alternative to facing a jury trial on the charge of first degree murder and the attendant risk of twenty-five years in prison without parole. On September 22, 1982, the court accepted the plea agreement and sentenced appellant to life with three years mandatory minimum and retained jurisdiction for a period of fifteen years over appellant to review any commission release order.
In December, 1983, appellant filed this proceeding for post-conviction relief on the grounds of ineffective assistance of counsel and lack of jurisdiction in the trial court to retain jurisdiction over appellant's sentence for fifteen years. Appellant relies on the several recent cases commencing with Cordero-Pena v. State, 421 So.2d 661 (Fla. 3d DCA 1982),[1] in which the courts have held that it is improper for the trial judge to retain jurisdiction over the first one-third of a life sentence because the life span is immeasurable and therefore no calculation of the length of time jurisdiction is retained can be made. Cordero-Pena was not decided until after the entry of appellant's plea. Counsel should not be expected to anticipate developments in the law that make possible the raising of a novel issue. Thomas v. State, 421 So.2d 160, 165 (Fla. 1982). We find no adequate demonstration of ineffective assistance of counsel in the record. Therefore, the trial judge was correct in rejecting that ground for post-conviction relief.
Turning to the validity of the sentence vel non, section 947.16(3), Florida Statutes (1981), provides in pertinent part that persons eligible for parole shall be placed thereon in accordance with the provisions of this law; except that in any case of a person convicted of murder, the sentencing judge may retain jurisdiction over the offender for review of a commission release order, but this jurisdiction is limited to the first third of the maximum sentence imposed. The Cordero-Pena type cases hold that since a life sentence imposed for murder has no known termination point it would be impossible to calculate when the trial court's retention of jurisdiction had ended and thus the court could retain jurisdiction for longer than the time permitted by law. E.g., Kosek v. State, 448 So.2d 57 (Fla. 5th DCA 1984). Thus, retention of jurisdiction over one-third of a life sentence is prohibited because it cannot be determined how long the court will be retaining jurisdiction. Although it can be determined how long the court will be retaining jurisdiction in the case at bar (i.e., fifteen years), section 947.16(3) states that the trial court's jurisdiction shall be limited to the first third of the maximum sentence imposed and we cannot say that the trial court's retention of fifteen years in this case complies with that provision. Therefore, we strike that aspect of the sentence retaining jurisdiction for fifteen years. With that modification, the order appealed from is affirmed.
Affirmed as modified.
DOWNEY and WALDEN, JJ., and WESSEL, JOHN D., Associate Judge, concur.
NOTES
[1] State v. Mobley, 481 So.2d 481 (Fla. 1986), aff'g Mobley v. State, 473 So.2d 692 (Fla. 4th DCA 1985); Brown v. State, 460 So.2d 988 (Fla. 4th DCA 1984); Kosek v. State, 448 So.2d 57 (Fla. 5th DCA 1984); Rodriguez v. State, 424 So.2d 892 (Fla. 3d DCA 1982); Cordero-Pena v. State, 421 So.2d 661 (Fla. 3d DCA 1982).