MILLS, Judge.
Frazier appeals from his conviction and sentence on one count each of first and second degree murder. We affirm in part and reverse in part.
Frazier is a lance corporal in the United States Marine Corps, who, on the day of the incident herein, was stationed in Jacksonville, Florida, and living in military barracks. On that day, after receiving information that Frazier had been involved in the shooting deaths of his girlfriend and her sister, police proceeded to the military base without a warrant. They related their information to two of Frazier’s commanding officers, Major Taylor and Captain Barrett.
Major Taylor, who later testified that he acted out of concern for the safety of his command and not at the instigation of the police, then ordered Frazier removed from his barracks room. When the door to the room was found locked and knocking brought no response, Taylor ordered the door opened with a pass key. Frazier was removed from the room by military personnel and brought down to the police, who properly informed him of his rights and arrested him. He thereafter made statements regarding his involvement in the shootings and told police where they could find the gun. Before Frazier was taken from the barracks to the police station, and pursuant to his consent, military personnel returned to his room where the clothes he had been wearing were seized.
Prior to trial, Frazier moved to suppress his statements, as well as the . gun and clothing, on the ground that they were tainted by his arrest, allegedly illegal under Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), which held that police may not make a warrant-less and nonconsensual entry into a suspect’s home for the purpose of making a routine felony arrest. For purposes of this argument, Frazier argued that his barracks *168 room was the equivalent of his “home.” The state countered that not only did a barracks room on a secure military installation lack the sanctity of a “home” for Pay-ton purposes, but that military officers, not police, had removed Frazier from his room out of concern for the security of that installation. The motions were denied.
As a part of his defense at trial, Frazier presented the testimony of three character witnesses, all of whom then resided in St. Louis, Missouri, where they had been acquainted with Frazier prior to his military service. Although all three witnesses testified to Frazier’s reputation in St. Louis for truth, peacefulness and conformity to the law, the state elicited the information on cross-examination that none of them had had any significant contact with Frazier in the two years of his military service and that he had not lived in their community for that period.
Based on this testimony, the defense requested a special jury instruction to the effect that the jury “might consider character testimony in determining the truth of the charges [against Frazier].” The court denied the instruction, finding it adequately covered by the Standard Jury Instructions. The jury found Frazier guilty of first and second degree murder, and the trial court sentenced him to two concurrent life terms, retaining jurisdiction for 25 years of each term.
The motions to suppress were correctly denied. Payton held that the police are prohibited by the Fourth Amendment from making a warrantless and nonconsen-sual entry into a suspect’s home to make a routine felony arrest. The room which Frazier claims as a protected area was not entered by the police at all nor at their instigation. The record demonstrates that Frazier’s military superiors, acting out of concern for military security, carried out the opening of his room and his removal therefrom. He was escorted to the police by military personnel and only then arrested; he does not argue that there was not probable cause to do so. Therefore, there was no illegal arrest to taint the statements or the physical evidence obtained by police.
Frazier next contends that the trial court erred in refusing to instruct the jury on the character testimony, citing Edgington v. U.S., 164 U.S. 361, 17 S.Ct. 72, 41 L.Ed. 467 (1896). That case held that character evidence should be considered equally with all other evidence, whether or not there is doubt as to guilt, and that such evidence alone can be sufficient to create a reasonable doubt of guilt. Edgington at 365-66, 17 S.Ct. at 73-74. Edgington was expanded in Michelson v. U.S., 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948), to mean that in the federal courts juries should be instructed that character evidence may be enough to raise reasonable doubt. Michelson at 476, 69 S.Ct. at 218. Numerous federal cases have followed this mandate in reversing convictions, as has one Florida decision, Hudak v. State, 457 So.2d 594 (Fla. 4th DCA 1984).
However, the Edgington/Michelson holding has not been unequivocally applied in these later federal decisions on which Frazier arid Hudak rely. In every case, the court cited as its basis for reversal the importance of character evidence in its particular circumstances. This attitude is consistent with the Florida position on jury instructions, which is that in gauging the propriety of a particular instruction, each case must rest on its particular facts. Marr v. State, 470 So.2d 703, 707 (Fla. 1st DCA 1985) reversed on rehearing en banc on other grounds. In this case, the character evidence involved was effectively impeached and other evidence against Frazier was overwhelming. Therefore, the facts do not lend significance to any error in omitting the requested instruction.
The retention of jurisdiction herein must, however, be stricken. There is no statutory authority for retention of jurisdiction over an indeterminate sentence. State v. Mobley, 481 So.2d 481 (Fla.1986); Cook v. State, 481 So.2d 1285 (Fla. 4th DCA 1986) (retention for 15 years of a life sentence is as objectionable as for “one- *169 third” of that sentence, as there is no way to determine whether 15 years is one-third of a life sentence). Therefore, we strike that aspect of the sentences retaining jurisdiction for 25 years. With that modification, the sentence is affirmed.
Affirmed.
SMITH and THOMPSON, JJ., concur.