WARNER, Judge.
Appellant, Lucius Bernard Smith, filed a post-conviction relief motion to vacate a guilty plea to a charge of first degree murder. The trial court held an evidentia-ry hearing, after which the motion was denied. We reverse.
Appellant asserts that he was led to believe that by pleading guilty to the first degree murder charge he would receive a sentence of twenty-five years with the possibility of parole in approximately seven years. The transcript of the plea hearing reveals that the trial court’s understanding of the plea agreement to the first degree murder charge was that “the agreement would be for twenty-five years.” At one time, he also described the sentence as a “mandatory minimum” of twenty-five years. The sentencing order states that the defendant shall be imprisoned “for a term of twenty-five years (25 years man. min.).”
Whether or not appellant mistakenly believed that his sentence would be for twenty-five years, of which he would only serve a portion, or for a twenty-five year mandatory minimum,[1] the record does not indicate that he was ever informed either by his lawyer or the court that the sentence was a life sentence with a twenty-five year mandatory minimum, which is the only authorized sentence for a capital felony when the death sentence is not imposed. Hopkins v. State, 418 So.2d 1183 (Fla. 1st DCA 1982). Conceivably, under a life sentence appellant could serve longer than the twenty-five-year minimum. Since appellant was not informed of the correct sentence and the trial court entered a sentencing order which imposed an unauthorized sentence, we are compelled to reverse and permit the defendant to withdraw his guilty plea. Eli *424 as v. State, 531 So.2d 418 (Fla. 4th DCA 1988); Bass v. State, 541 So.2d 1336 (Fla. 4th DCA 1989).
Appellant also asserts that he was denied effective assistance of counsel at the post-conviction relief hearing. Appellant had filed his motion for post-conviction relief pro se. When the judge discovered that appellant was not represented at the hearing by an attorney, he appointed the public defender’s office to represent appellant. However, the assistant public defender present in court did not take any part in the proceedings until after the appellant’s motion was denied. At that time, the attorney stated on the record that the judge had ordered her to represent the appellant but that she had no notice of the hearing and that the public defender’s office never advised appellant or talked to appellant at all prior to the hearing. The court acknowledged that the motion was pro se.
This case is controlled by Madden v. State, 535 So.2d 636 (Fla. 5th DCA 1988), with which we agree. Although there is no absolute duty to appoint counsel in a post-conviction relief proceeding, where the trial court exercises its discretion to appoint an attorney to assist the defendant in presenting a justiciable issue, then a reasonable time for the preparation of the defendant’s case must be allowed between the time of assignment of counsel by the court and the date of trial or hearing. To do otherwise denies the defendant effective assistance of counsel. The appointment of counsel is not merely a formality but to assist the defendant in presenting meritorious issues to the court. Clearly, in this case the public defender’s office was totally unprepared to assist the appellant in the presentation of his case. If the trial court considered that appointment of counsel was necessary, then it was incumbent upon the trial court to permit effective assistance of counsel by giving the appointed attorney sufficient time to familiarize herself with the case or discuss the issues with the petitioner.
For the foregoing reasons, we reverse the order denying the motion for post-conviction relief and remand the case to permit withdrawal of the guilty plea.
ANSTEAD and GUNTHER, JJ., concur.

. The appellant’s trial counsel testified at the post-conviction relief hearing that appellant understood the sentence would be a twenty-five year mandatory minimum. The trial court believed the attorney, and we have no dispute with the trial court’s determination of the credibility of the witnesses, if that were the issue.