SHIVERS, Chief Judge.
Stewart appeals the trial court’s denial of his motion to relinquish jurisdiction, arguing: (1) that the sentencing court erred in retaining jurisdiction, pursuant to section 947.16(3), F.S. over the first third of his two pre-sentencing guidelines life sentences; and (2) that section 947.16(3), F.S. (1979) is unconstitutional.
We find appellant’s second argument to be without merit, noting that the Florida Supreme Court has ruled on this issue and found the retention of jurisdiction provisions of section 947.16(3)[1] to be constitutional. Borden v. State, 402 So.2d 1176 (Fla.1981); Harmon v. State, 438 So.2d 369 (Fla.1983). The Florida Supreme Court has also held, however, as the State in this case conceded, that a sentencing court may not retain jurisdiction over any portion of a life sentence. State v. Mobley, 481 So.2d 481 (Fla.1986). See also Frazier v. State, 488 So.2d 166 (Fla. 1st DCA 1986). We therefore reverse the trial court’s denial of appellant’s motion to relinquish jurisdiction, and remand for the court to strike the retention portion of appellant’s sentences in Case Nos. 77-2038 and 77-2039.
REVERSED and REMANDED.
ERVIN and JOANOS, JJ., concur.

. This provision is currently found in section 947.16(4), Florida Statutes (1987).