584 So.2d 1127 (1991)
Kenneth Allen ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1351.
District Court of Appeal of Florida, Fourth District.
August 28, 1991.
Kenneth Allen Anderson, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melynda L. Melear, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from denial in the trial court of a rule 3.800 motion for correction of illegal sentence. The trial court was evidently of the opinion that such motion should be denied when there has been an affirmance of judgment and sentence on direct appeal, and a summarily denied rule 3.850 motion, never appealed from, in which substantially the same issue was raised. It appears from the record that the rule 3.850 motion in this appellant's case was denied because it was untimely filed, having been filed approximately four days after the time provided for in that rule had run. Thus the instant issue was never considered on its merits.
We believe that as a general rule a prisoner may file a rule 3.800 motion for correction of sentence at any time and that the trial court must make such correction if it is justified. Cf. State v. Chaplin, 490 So.2d 52 (Fla. 1986); see Karchesky v. State, 568 So.2d 80 (Fla. 5th DCA 1990). It is not necessary for purposes of the instant case to determine whether such a motion should be entertained when the prisoner has previously raised the same issue on direct appeal of judgment and sentence.
We think also that, inasmuch as retention of jurisdiction has been characterized as enhancement of the sentence, State v. Williams, 397 So.2d 663, 665 (Fla. 1981), such retention, if incorrect, constitutes an illegal sentence which should be corrected.
According to section 947.16(3), Florida Statutes, (1979), now section 947.16(4), "When any person is convicted of two or more felonies and consecutive sentences are imposed, then the jurisdiction of the trial court judge as provided herein shall apply to one-third of the total consecutive sentences imposed." Case law tells us that *1128 there is no way to determine one-third of a life sentence, and that therefore retention of jurisdiction over a portion of a life sentence is not possible under the statute. See Mobley v. State, 473 So.2d 692 (Fla. 4th DCA 1985) and cases cited therein. Here the trial court sought to impose retention of jurisdiction on three consecutive sentences, two of which were for ninety-nine years and the other for life.
We vacate the retention of jurisdiction provisions only, found on the completed judgment and sentence forms, and remand with direction to the trial court to impose retention of jurisdiction for a period of sixty-six years on the aggregate of the two ninety-nine year sentences.
DELL, WARNER and POLEN, JJ., concur.