PETERSON, Judge.
This case involves a dispute over the sentence imposed pursuant to the trial court’s interpretation of an oral plea agreement involving charges of capital sexual battery. The trial court and the prosecutor believed that the agreed upon sentence was life with a twenty-five-year minimum mandatory; defense counsel believed that the agreed upon sentence was twenty-five years minimum mandatory; and appellant believed that the sentence would be twenty-five years’ incarceration with no minimum mandatory.
The record of the plea conference on October 1, 1991, and the three subsequent sentencing conferences, supports the argument that defense counsel understood that a twenty-five-year minimum mandatory sentence would be imposed. We also note that the defendant was present during all of the plea negotiations in open court. There is minimum support for the argument that, during the negotiations, defense counsel and the defendant should have recognized that a twenty-five-year minimum mandatory sentence as part of a life sentence would be imposed.
Defense counsel made this offer:
Just to make sure, I’ll explain it again on the record so that everyone, understands what the offer is.
As I explained, these are capital felonies charged in the information, and there are other lewd and lascivious counts. That the plea would be to the capital offenses, lewd and lascivious would be nol prossed, a twenty-five year sentence, that would be twenty-five years minimum mandatory.
A pre-sentence investigation be run. And that in the event that the Court could not agree after reading the pre-sentence investigation to the sentence as proposed, that the Court would have the authority to withdraw the plea agreement, at which point Mr. Mann would also have the authority to withdraw his plea.
And that the sentence on the capital felonies would all be concurrent.
The court stated:
Mr. Mann, you’re charged in Count 1, Count 3, Count 5, Count 7, and Count 9 with sexual battery, capital felonies. Charged in Count 2, Count 4, Count 6, and Count 8 with lewd and lascivious assault upon a child.
Capital felony is punishable in this instance by life imprisonment with mandatory twenty-five years. The lewd and lascivious assault upon a child would be dismissed by the State.
The proposal is a concurrent twenty-five year sentence. In other words, one minimum mandatory twenty-five years.
The sentencing was then delayed until a presentence investigation could be prepared. The next three hearings were concerned with the interpretation of the plea agreement.
It appears reasonable to interpret the trial court’s statement as indicating that the statutes provided that Mann’s offense *1114 could, potentially be punished by a sentence of life imprisonment with a mandatory twenty-five-year term. This does not indicate that Mann would receive a mandatory life sentence with a mandatory minimum of twenty-five years if he entered a plea to the charge. It also appears reasonable to interpret defense counsel’s proposal as a willingness to accept a mandatory twenty-five-year sentence. In other words, defense counsel’s proposal was an alternative to what the court indicated was a punishment that could be imposed. Nothing that occurred in the record before defendant entered his plea indicated that the court would impose the sentence that he described as being set forth in the statute rather than the sentence described by defense counsel, to-wit: concurrent minimum mandatory sentences of twenty-five years.
A plea must be knowing and voluntary. Mikenas v. State, 460 So.2d 359 (Fla.1984); Smith v. State, 545 So.2d 423 (Fla. 4th DCA1989). The record in the instant case supports defense counsel's argument that only a twenty-five-year minimum mandatory sentence was offered by his client, rather than a life sentence with a twenty-five-year minimum mandatory. We do recognize that the more lenient sentence offered by defense counsel in return for a voluntary plea could not be imposed by the trial court because the life sentence with a twenty-five-year minimum mandatory is mandated by section 775.082(1), Florida Statutes. But we cannot determine as a matter of law from the record before us that Mann entered a knowing, voluntary plea of nolo contendere, expecting to receive the life sentence with a twenty-five-year minimum mandatory rather than the twenty-five-year minimum mandatory without a life sentence. His request to withdraw the plea should have been granted. We vacate the judgment and sentence and remand for further proceedings.
REVERSED and REMANDED.
SHARP and GRIFFIN, JJ., concur.