PER CURIAM.
Defendant Lazaro Viera appeals the denial of his motion to correct illegal sentence filed under Rule 3.800, Florida Rules of Criminal Procedure. We affirm in part and reverse in part.
Pursuant to a 1982 plea agreement defendant was sentenced to a life sentence and a 60-year sentence to be served concurrently. *919 As part of the plea agreement the trial court retained jurisdiction over defendant for 20 years as was then permitted under subsection 947.16(4), Florida Statutes (1981).
Defendant challenges the trial court’s retention of jurisdiction over the life sentence. Because State v. Mobley, 481 So.2d 481 (Fla.1986), holds that “[tjhere is no statutory authority for retention of jurisdiction over an indeterminate sentence,” id., we find that the trial court erred in denying the motion to that extent and strike the retention of jurisdiction over the life sentence. The retention of jurisdiction remains valid with regard to the 60-year sentence. Echols v. State, 484 So.2d 668, 574 (Fla.1985). Defendant’s remaining points are without merit.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.