PER CURIAM.
Appellant Solomon D. Roberts seeks review of the trial court’s denial of his “Petition to Invoke all Writs,” arguing that he was denied due process and equal protection when the trial court retained jurisdiction for thirty-three (33) years of his life sentence. Roberts contends that the trial court lacked statutory authority under section 947.16(3), Florida Statutes (1981), to retain jurisdiction over one-third of his life sentence because a life sentence is indefinite, making one-third indeterminable. Appellee State of Florida concedes to this argument and we agree.
In Cordero-Pena v. State, 421 So.2d 661, 662 (Fla. 3d DCA 1982), this Court held that the trial court cannot retain jurisdiction over a life sentence imposed under section 947.16(3) and that a defendant’s entitlement to parole consideration is solely controlled by the separate statutory requirement that he be required to serve no less than twenty-five (26) years before becoming eligible for parole. See § 775.082(1), Fla. Stat. (1981).
As in Cordero-Pena, section 775.082(1) controls Robert’s life sentence. We therefore remand the case to the trial court with instructions to strike that part of the sentence. Roberts need not be present for the correction of the sentence.
All other issues raised by Roberts are successive and have previously been denied.