PER CURIAM.
The appellant challenges the trial court’s order summarily denying his post-conviction motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the trial court failed to attach portions of the record conclusively establishing that the appellant’s claim has been previously decided on the merits, we reverse.
On September 28, 2003, the appellant filed a rule 3.800(a) motion alleging that his sentences are illegal because the trial court retained jurisdiction over his life sentences. The trial court denied the appellant’s motion as being barred by the doctrine of collateral estoppel. The trial court reasoned that the appellant has filed numerous post-conviction motions and has repeatedly asserted this exact claim. The trial court attached a copy of an order dated November 21,1997, which also noted the appellant’s multiple filings. In regard to the instant claim, the attached order denied the claim as being successive because the appellant raised the exact claim on direct appeal and in other post-convictions motions. The attached order also concluded that the appellant’s claim could not be raised in a rule 3.800(a) motion.
It appears that the appellant has raised a meritorious claim. A trial court is without statutory authority to retain jurisdiction over a life sentence, which constitutes an indeterminate sentence. Wainwright v. State, 704 So.2d 511, 515 (Fla. *1235 1998); State v. Mobley, 481 So.2d 481 (Fla.1986). If a trial court retains jurisdiction over a life sentence, the issue may be raised in a rule 3.800(a) motion. Cofield v. State, 602 So.2d 586, 587 (Fla. 1st DCA 1992). As the state concedes, the trial court erred in denying the appellant’s claim as being barred by the doctrine of collateral estoppel as it is not clear from the record before this Court that the instant claim has ever been decided on the merits. See State v. McBride, 848 So.2d 287, 291 (Fla.2003)(concluding in order for the doctrine of collateral estoppel to apply, the “matter must be fully litigated and determined in a contest that results in a final decision of a court”).
Accordingly, we reverse the trial court’s order and remand for further consideration consistent with this opinion.
REVERSED and REMANDED.
BOOTH, POLSTON and HAWKES, JJ., concur.