SHEPHERD, J.
Jerry Dean Moore appeals an order summarily denying his motion to correct illegal sentence. We reverse.
Moore was convicted of first-degree murder and attempted robbery. Moore committed the crimes in 1979. On the first-degree murder conviction, the court sentenced Moore to 125 years in prison and retained jurisdiction for one-third of the sentence. In 2001, Moore filed a Florida Rule of Criminal Procedure 3.800(a) motion, contending that his sentence was illegal because the only permissible sentence for first-degree murder was life with a twenty-five-year minimum mandatory term before defendant could seek parole. He also argued that the court impermissi-bly retained jurisdiction for one-third of his sentence. Neither the state nor the defendant could determine whether the trial court ruled on this motion. In 2003, Moore filed a second Rule 3.800(a) motion, contending again that the court impermis-sibly retained jurisdiction over one-third of the sentence. The trial court denied the motion. On appeal, this court appointed a public defender to represent Moore. Defense counsel argues, and the state properly concedes, that Moore’s 125-year sentence and the retention of jurisdiction are illegal. •
At the outset, we note that the challenges defendant raises to his sentence in the present motion are properly brought under Rule 3.800(a).[1] See Carter v. State, 786 So.2d 1173 (Fla.2001); Viera v. State, 698 So.2d 918 (Fla. 3d DCA 1997); Williams v. State, 868 So.2d 1234 (Fla. 1st DCA 2004). Section 782.04(l)(a) of the Florida Statutes (1979), states that first-degree murder is punishable as provided in section 775.082(1), Florida Statutes (1979). Section 775.082(1) provides that a person convicted of first-degree murder, who is not sentenced to death, “shall be punished by life imprisonment and shall be required to serve no less than 25 years before becoming eligible for parole.... ” Because the court did not impose a death sentence here, it was required to impose a life sentence. See Downs v. State, 616 So.2d 444, 445 n. 1 (Fla.1993); Buford v. State, 403 So.2d 943, 954 (Fla.1981). Therefore, a sentence of a term of years is unauthorized and violates the relevant sentencing scheme. See Hall v. State, 492 So.2d 778 (Fla. 2d DCA 1986); Hopkins v. State, 418 So.2d 1183 (Fla. 1st DCA 1982).
Furthermore, section 947.16(3) of the Florida Statutes (1979), which addresses the court’s retention of jurisdiction, does not authorize the trial court to retain jurisdiction over one-third of Moore’s sentence. “[A] court cannot retain jurisdiction over a life term because such a sen *241 tence is indeterminate.” Wainwright v. State, 704 So.2d 511, 515 (Fla.1997); Viera, 698 So.2d at 919; Roberts v. State, 821 So.2d 1144 (Fla. 3d DCA 2002), revieiv denied, 841 So.2d 466 (Fla.2003); Cordero-Pena v. State, 421 So.2d 661 (Fla. 3d DCA 1982); Williams, 868 So.2d at 1234-35. Accordingly, we reverse the order, vacate Moore’s sentence and remand for the court to impose a life sentence with a minimum mandatory term of twenty-five years before Moore is eligible for parole. The court may not retain jurisdiction for any portion of the sentence. Defendant need not be present for resentencing.
Order reversed, sentence vacated, and cause remanded for resentencing with directions.

. The issue as to the court's retention of jurisdiction is not based on the absence of written reasons to support such retention. See Macias v. State, 614 So.2d 1216 (Fla. 3d DCA 1993). But see Wright v. State, 864 So.2d 1153 (Fla. 2d DCA 2003), review granted, 889 So.2d 72 (Fla.2004).