PER CURIAM.
Appellant, Solomon Roberts, appeals from an order denying his pro se motion to withdraw pleas entered more than thirty years ago and requests that this Court treat this appeal as a petition for writ of habeas corpus to correct a manifest injustice. We decline the request to treat the appeal as a petition for writ of habeas corpus and affirm the lower court’s order without further discussion.

ORDER TO SHOW CAUSE

Further, we note that Roberts has filed at least fourteen separate pro se appeals or original proceedings with this Court related to the lower court case numbers 82-8169; 82-9856; and 82-15413.[1] With one exception,[2] this Court has affirmed the lower court or otherwise denied Roberts relief on appeal. Roberts has engaged in the filing of meritless, frivolous and successive claims requiring this Court to expend precious and finite judicial resources which could otherwise be devoted to cases raising legitimate claims. Hedrick v. State, 6 So.3d 688, 691 (Fla. 4th DCA 2009) *4 (noting, “[a] legitimate claim that may-merit relief is more likely to be overlooked if buried within a forest of frivolous claims.”).
While pro se parties must be afforded a genuine and adequate opportunity to exercise their constitutional right of access to the courts, that right is not unfettered. The right to proceed pro se may be forfeited where it is determined, after proper notice and an opportunity to be heard, that the party has abused the judicial process by the continued filing of successive or meritless collateral claims in a criminal proceeding. State v. Spencer, 751 So.2d 47 (Fla.1999). As our sister court aptly described it, there comes a point when “enough is enough.” Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995). Although termination of the right to proceed pro se will undoubtedly impose a burden on a litigant who may be unable to afford counsel, courts must strike a balance between the pro se litigant’s right to participate in the judicial process and the courts’ authority to protect the judicial process from abuse.
Therefore, Appellant Solomon Roberts is hereby directed to show cause, within thirty days from the date of this opinion, why he should not be prohibited from filing any further pro se appeals, pleadings, motions, or petitions relating to his convictions, judgments and sentences in circuit court case numbers 82-8169; 82-9856; and 82-15413. Absent a showing of good cause, we intend to direct the Clerk of the Third District Court of Appeal to refuse to accept any such papers relating to these circuit court case numbers unless they have been reviewed and signed by an attorney who is a duly licensed member of The Florida Bar in good standing.
Additionally, and absent a showing of good cause, any such further and unauthorized pro se filings by Solomon Roberts will subject him to appropriate sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for its consideration of disciplinary action, including the forfeiture of gain time. See § 944.279(1), Fla. Stat. (2012).

. See Roberts v. State, 83 So.3d 734 (Fla. 3d DCA 2012); Roberts v. State, 13 So.3d 481 (Fla. 3d DCA 2009); Roberts v. State, 11 So.3d 959 (Fla. 3d DCA 2009); Roberts v. State, 967 So.2d 211 (Fla. 3d DCA 2007); Roberts v. State, 962 So.2d 915 (Fla. 3d DCA 2007); Roberts v. State, 939 So.2d 109 (Fla. 3d DCA 2006); Roberts v. State, 932 So.2d 206 (Fla. 3d DCA 2006); Roberts v. State, 919 So.2d 454 (Fla. 3d DCA 2005); Roberts v. State, 905 So.2d 896 (Fla. 3d DCA 2005); Roberts v. State, 768 So.2d 460 (Fla. 3d DCA 2000); Roberts v. State, 761 So.2d 1119 (Fla. 3d DCA 2000); Roberts v. State, 684 So.2d 1368 (Fla. 3d DCA 1996); Roberts v. State, 656 So.2d 1290 (Fla. 3d DCA 1995); Roberts v. State, 561 So.2d 1157 (Fla. 3d DCA 1990).

. The singular exception is Roberts v. State, 821 So.2d 1144 (Fla. 3d DCA 2002), in which Roberts successfully argued that the trial court lacked statutory authority to retain jurisdiction over one-third of his life sentence. Although we granted this limited relief, we also denied relief on the other claims asserted in that appeal, noting "[a]ll other issues raised by Roberts are successive and have previously been denied.” Id.