PER CURIAM.
Tavares M. Carson (Carson) was found guilty of one count of first-degree felony murder, and one count of robbery with a firearm. The trial court sentenced Carson to concurrent sentences in prison for the balance of his natural life under Count I (murder), and for the balance of his natural life under Count II (robbery) as an habitual felony offender. We affirm without discussion Carson’s conviction and sentence for murder, but reverse his robbery sentence as an habitual felony offender.
Carson committed the instant crime on August 10, 1996. The trial judge’s findings forming the basis for the habitual felony offender sentence show that Carson had one prior felony for which he was convicted and sentenced before August 10, 1996, and one prior felony for which he was sentenced after August 10,1996.
The Florida legislature, in 1993, added a section to the habitual felony offender statute which provides:
In order to be counted as a prior felony for purposes of sentencing under this section, the felony must have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony.
§ 775.084(5), Fla. Stat. (1993). In Rhodes v. State, 704 So.2d 1080 (Fla. 1st DCA 1997), this court interpreted section 775.084(5) to mean that in order for a prior offense to qualify as a predicate offense, the defendant must receive a sentence for the prior offense before committing the subject offense. Since Carson was convicted and sentenced for one of the two prior predicate offenses after the commission of the instant offense, he did not qualify as an habitual felony offender.
Accordingly, we reverse and remand for resentencing under Count II. We affirm in all other respects.
AFFIRMED in part and REVERSED in part.
ERVIN, LAWRENCE and BROWNING, JJ., CONCUR.