PER CURIAM.
Bruce Fillmore appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand.
Fillmore alleged that his habitual offender sentence is illegal as he did not have the requisite predicate conviction for such sentence. Fillmore challenged his predicate offense as having occurred after the commission of the crime for which the habitual offender sentence was imposed. The trial court agreed with the state that the claim failed as a matter of law in light of Perkowski v. State, 616 So.2d 26 (Fla.1993), and denied the motion.
Perkowski pre-dated a significant change to section 775.084(5), Florida Statutes. See Ch. 93-406, § 2, Laws of Fla., at 2915 (1993) (effective June 17, 1993). The Florida Legislature, in 1993, added a section to the habitual felony offender statute which provides:
In order to be counted as a prior felony for purposes of sentencing under this section, the felony must have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony.
§ 775.084(5), Fla. Stat. (1993); see also Comet v. State, 791 So.2d 593 (Fla. 3d DCA 2001); Carson v. State, 739 So.2d 653 (Fla. 1st DCA 1999). The change is applicable to Fillmore’s offense which occurred on June 19, 1993. Cf. Barnhill v. State, 788 So.2d 313 (Fla. 5th DCA 2001).
Fillmore’s claim is cognizable in a rule 3.800(a) motion if the error can be determined from the record. See Bover v. State, 797 So.2d 1246 (Fla.2001). Our record does not contain all of the documents necessary to support the dates as alleged, though the state does not dispute Fillmore’s dates as alleged, which support his claim. We reverse and remand for the trial court to determine whether the record supports Fillmore’s allegations, and if so, to resentence him accordingly.
STONE, POLEN and HAZOURI, JJ., concur.