PER CURIAM.
Appellant challenges the denial of a motion to correct illegal sentence challenging his sexual predator designation. For the reasons discussed below, we reverse the *499 denial and remand for the trial court to strike Appellant’s sexual predator designation.
On July 28, 1999, following a plea, Appellant was convicted of unlawful sexual activity with a minor and was sentenced to three years’ imprisonment in this case for crimes committed on July 20, 1998. In November of 1999, the State filed a motion to declare Appellant a sexual predator because on November 30, 1998, Appellant had been convicted of two counts of lewd and lascivious battery. Appellant alleges that his sexual predator designation is illegal because at the time he committed the instant offense, July 20, 1998, he had not yet been convicted of the lewd and lascivious batteries. Appellant’s claim is cognizable in a rule 3.800(a) motion. See Sain-telien v. State, 990 So.2d 494 (Fla.2008).
According to section 775.21(4)(c)(l), Florida Statutes (1999), a person qualifies as a sexual predator if the felony is any second-degree or greater felony violation of chapter 794 (sexual activity with a minor is a second-degree felony violation of chapter 794) and the offender has previously been convicted of, or found to have committed, or has pled nolo contendere or guilty to, any violation of section 800.04 (lewd and lascivious battery/conduct/exhibition). Section 775.21(4)(d) states:
In order to be counted as a prior felony for purposes of this subsection, the felony must have resulted in a conviction sentenced separately, or an adjudication of delinquency entered separately, prior to the current offense and sentenced or adjudicated separately from any other felony conviction that is to be counted as a prior felony.
(emphasis added). The trial court held that because Appellant had been convicted and sentenced for the lewd and lascivious offenses “prior to his sentencing for the current offense,” he qualified as a sexual predator. As conceded by the State, this was error.
In Carson v. State, 739 So.2d 653, 654 (Fla. 1st DCA 1999), this Court interpreted the habitual felony offender statute, section 775.084(5), Florida Statutes (1993),[1] which has operative language nearly identical to Section 775.21(4)(d), to mean that “in order for a prior offense to qualify as a predicate offense, the defendant must receive a sentence for the prior offense before committing the subject offense.” (emphasis added) We conclude that the same reasoning applies in interpreting section 775.21(4)(d). In this case, Appellant was sentenced for the “prior offense” (the lewd and lascivious convictions) on November 30, 1998, after he committed the current offense on July 20, 1998. Therefore, the lewd and lascivious convictions do not qualify Appellant for a sexual predator designation.
Accordingly, we REVERSE the denial of Appellant’s motion to correct illegal sentence and REMAND for the trial court to strike Appellant’s sexual predator designation.
WOLF, RAY, and MAKAR, JJ., concur.

. Section 775.084(5), Florida Statutes (1993), reads as follows:
In order to be counted as a prior felony for purposes of sentencing under this section, the felony must have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony.