IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

REGINAL M. HARDY,

          Appellant,

 v.                                                          Case No.  5D16-3636

STATE OF FLORIDA,

          Appellee.

_____/

Opinion filed January 20, 2017

3.800 Appeal from the Circuit Court
for Brevard County,
Morgan Laur Reinman, Judge.

Reginal M. Hardy, Trenton, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kellie A. Nielan, Assistant
Attorney General, Daytona Beach, for
Appellee.


PER CURIAM.

          Reginal Hardy appeals the summary denial of his Florida Rule of Criminal

Procedure 3.800(a) motion to correct illegal sentence, which challenges his sexual

predator designation.  We reverse.

          On April 13, 2012, Hardy was arrested in Brevard County for procuring a person

under age 18 for prostitution, a second-degree felony, in violation of section 796.03,

Florida Statutes (2012). On September 12, 2012, he was arrested in Orange County for a separate commission of the same offense. On July 23, 2013, Hardy entered a plea to the Orange County case and was placed on probation for five years. Thereafter, on October 11, 2013, he entered a plea to the Brevard County case, was placed on probation for ten years, and was designated a sexual predator.[1] The trial court used the Orange County conviction as the predicate prior conviction for the sexual predator designation, concluding the date of sentencing was controlling. This was error.

In order to be counted as a prior felony for the purpose of designating a defendant a sexual predator, "the felony must have resulted in a conviction sentenced separately, or an adjudication of delinquency entered separately, prior to the current offense and sentenced or adjudicated separately from any other felony conviction that is to be counted as a prior felony regardless of the date of offense of the prior felony." § 775.21(4)(b), Fla. Stat. (2012) (emphasis added). This means the conviction and sentence on the predicate prior felony must be entered before the current felony is committed. See id.; Sadler v. State, 112 So. 3d 498, 499 (Fla. 1st DCA 2012) (holding that a conviction and sentence for a predicate offense that is entered after the commission of the current offense does not qualify as a prior felony within the meaning of the sexual predator statute).

Applied to this case, the Orange County conviction can only be used as the predicate prior conviction for designating Hardy a sexual predator in the Brevard County case if he was convicted and sentenced in the Orange County case before the date of the Brevard offense. In other words, in order for the Orange County conviction to qualify

---

[1] In 2016, Hardy violated his probation in the Brevard County case and was sentenced to serve 30 months in prison.

as the predicate offense, the Brevard County case must have occurred sometime after July 23, 2013, which was the date Hardy was convicted and sentenced in Orange County.

Although the date the Brevard County offense was committed is not included in the record, it is not necessary for our analysis. Hardy was arrested for the Brevard County offense on April 13, 2012, more than a year before he was convicted and sentenced on the Orange County case.[2] As such, the Orange County conviction cannot be used to qualify him as a sexual predator.

Accordingly, we reverse the denial of Hardy's motion to correct illegal sentence and remand for the trial court to strike the sexual predator designation.

REVERSED and REMANDED.

ORFINGER, BERGER, JJ., and JACOBUS, B.W., Senior Judge, concur.

---

[2] The Brevard offense may or may not have been committed on the date of the arrest, but it was certainly not committed after his arrest.

3